Waylor,
 
 Chief
 
 Justice.
 

 The question arising on this m'ord is, whether {he amules ó> a Sheriff’» bond, executed in May, 182 ¡, eon«IMoiied for tint due collection and return of the county as well as the public lax, are liable for the taxes laid in the jut ceding year, viz. hi XS20
 
 l
 

 The Sheriff, the priwipT in fho bond in íhk; cane, wae elected is; Mi.y, 1821, and of conree bis ton?» of oonrice, accord* ng to 3av.> would expire in a year from that time; and his onretirc can be made liable only for the taxes which the law imposed upon him the duty of collecting, or gave him a right to collect, within that period. The extent of tijiü rigid; and duty can only he ascertained by ¿lie collection and ¿rue construction of many acts of the her;!. Udure. ¡passed at different and distant periods.
 

 The list of taxable property is to be taken within the last twenty worktop; days in July, by justices appointed by the Comity Court which occurs after the first clay of April. These lists are to be returned by the justices taking them, to the Court which happens after .inly, and are to be delivered to the ¡Sheriff within forty days after the it turn is so made
 
 ;
 
 bed he is not authorised to begin the collection until after the first day of April, in the en • ■suing year, with the exception of the case where a person is about, to remove to avoid the payment of taxes, from whom he may colled; upon taking certain steps prescribed by law. These se\erai provisions are abstracted and abridged from the
 
 ads of
 
 1801,
 
 ch. 570,
 
 1814,
 
 ch.
 
 •172,
 
 and
 
 1819,
 
 ch.
 
 999,
 
 ¿Rev. Code,.
 

 it is manifest, then, that the Sheriff was authorised, by virtue of his appointment in 1821, to collect the?*;
 
 *396
 
 taxes only, with the, lists of which he was furnished after J:!]y *n that
 
 year;
 
 and that his right to collect such taxes, with the exception before stated, did not begin ig22v
 

 A Sheriff who is elected for the first time, has nothing to do with the lists of the preceding year before be was in
 
 office;
 
 tiie Clerk has delivered them to his predecessor, who alone has the authority to collect under them j and the law makes no provision for setting them over to the new Sheriff, as in the case of prisoners and writs» If he receive the lists and collect the taxes, it must, be in consequence of some private arrangement-between his predecessor and himself, which, undoubtedly, cannot bind his sureties in tins form of. proceeding 5 for if it could, they would then bo responsible for two years, instead of one.
 

 If the Sheriff is re -elected, as it happened in this case, he is then bound to collect the taxes of tiie preceding year, but this is by virtue of his former appointment, and under the responsibility of his old bond : he. collects as Sheriff of 1820, not of 1821. Can the accidental circumstance of his being re-elected change the principle ?
 

 it is made the duty of the Sheriff, immediately on receiving the lists of taxable property from the Clerk, to set up at the court-house, an advertisement informing the inhabitants that he has received such lists, and holds them ready for inspection, and requesting them to give him information of any lands, polls, or other taxable property, not given in, and if he receive information and neglect to account with the Comptroller agreeably to law, he is subject, besides a fine of a hundred pounds, to the penalty of five hundred pounds ; but this fine is not to be imposed when the Sheriff shall account with the ireasurcr, within six months from the expiration of the time allowed by law for his settling with the treasurer — > (1796,
 
 eh.
 
 449,
 
 sec.
 
 4.)
 

 
 *397
 
 Tie heavy penalty imposed by this law clearly implies that the Sheriff is empowered and bound to perform ■the duties by which it may be avoided. He has six mouths from the time he ought to account, to perform those duties, and to be excused from the penally. If, then, the Plaintiff’s argument is correct, and a Sheriff elected in 1820 should not be re-elected in 1821, it depends not upon himself to escape from the penalty, but upon the acts and good pleasure of Ids successor, who is liable to no penalty for the omission that took place in the former year. The law would not do such palpable injustice, as to give a Sheriff six months after he ought to account, to avoid this penalty, without intending, at the came time, that he should have power to collect the taxes, by which alone he is enabled to account.
 

 ’ííie Clerk of the County Court is also directed to return the lists of taxable;; to the Comptroller in September j hri it is perfectly clear that it cannot be for the purpose of charging the Sheriff in the succeeding October, for he cannot begin the collection, under the exception before stated, until April in the succeeding year. Why, then, it is asked, should this return be made in September, unless for the purpose of ambling the Comptroller to settle with the Sheriff in the next mouth, October, when the Sheriff is bound hv law to account ?
 

 To this, several answers may be given. The lists returned by the Clerk in 1820, to the Comptroller, will operate as a check upon the Sheriff when lie settles his accounts in the October of the next year, and serve as a guide to the Comptroller in adjusting the balance, since he will have something more authentic to rely upon than the returns of the Sheriff with whom he is to settle.
 

 It may be highly important to the public interest, that the fiscal officers should be furnished with the amount of the taxes laid for the current year, to the end that by a comparison with the revenue of the preceding year, they way ascertain its defalcation or increase, and thence
 
 *398
 
 cause the necessary communication to be made to the Le^iñlatui'e.
 

 But a decisive answer is, that the time of the Clerk’s returning the lists to the Comptroller, has been changed by the Legislature at different periods. By the act of 1787, cb. 269, the, Clerks were directed to return the lists of taxables to the Comptroller, on or before the first day of December in each year, though by the same art. Sheriffs are to settle «5th the Comptroller in the months of July, August and September, and account with the Treasurer according to the Comptroller’s report, on or before the first of October. Therefore, the lists returned by the Clerks to tli<" Comptroller, could not possibly be those by which the then Sheriffs were to settle their accounts in that year.
 

 In addition to the lists which the Clerks are directed to furnish to the Comptroller, they must also return a •certificate of the names of the Sheriff and his securities, in order that the Treasurer may enter up judgment against them — (1787,
 
 ch.
 
 2?>9,
 
 E.
 
 C.) This regulation will bear no other construction, than the name of the Sheriff to whom lists were furnished, and against whom judgment cannot be entered up, unless he fails to account for the taxes, according to those lists. In other words, the Sheriff is bound to account for the taxes in October, 1821, for which lists were return d to the County Court by the justices appointed to take them — furnished to the Sheriff by the Clerk, — and returned by the latter to the Comptroller, in 1820.
 

 The principal inconvenience adverted to, as arising from this construction of the several acts on the, subject, is, that as the Si eriff cannot begin the collection till April, there will not he time for him to collect the taxes while he remains in office, in the, event of his not being re-elected the following May.
 

 But this inconvenience has been foreseen and provided for by the Legislature in the act of 1,792,
 
 ch.
 
 376,
 
 M. C.
 
 
 *399
 
 which gives the Sheriff power to collect and distrain for the taxes, provided he does so within one year from the time he is accountable. Thus a Sheriff elected in 1820, hut not re-elected in 1821, has until October, 1822, to collect and distrain for tiie taxes laid in the first mentioned j ear.
 

 Tills act was passed to remove doubts which existed relative to the power of the Sheriff to distrain after the time for which he was appointed, had
 
 expired;
 
 and amounts to a plain legislative declaration, that the Sheriff for the year when the lists are returned, and not iiis successor, is bound to collect tiie taxes, according' to them. To wiiat end should the Sheriff be armed with tliis extraordinary power to fulfil dudes which the law did not exact from him, hut had thrown
 
 upon
 
 his successor ? If the. securities of the latter were understood to be responsible for the taxes of the preceding' year, it is incredible that a private wan skooiu be invested with the whole armour of the law for ends unconnected with tiie public interest. But construing the several laws so as to fix the liabilty of the Sheriff for the taxes of tiie yciir for which he was elected, all is consistent and intelligible. Other subsidiary lights might be thrown on the subject, by
 
 the
 
 oath taken on settlement with the Comptroller — from the power of the securities after the Sheriff’s deat.li — and from tiie duty of tiie Clerk to return tiie Sheriff’s bond and name
 
 ;
 
 but it is thought the case is already rendered
 
 too
 
 plain to require a multiplication of arguments. The conclusion is, that the securities for the year 1821 are not liable for any taxes received by their principal under the lists furnished to him in 1820, but that tiie securities given in 1820 are liable, and consequently there must be a new trial.
 

 The other Judges concurred.