Hall, Judge.
 

 The act of 1818,
 
 (Rev. c.
 
 980.) limited the time for which constables should be appointed to one year, ami subjected theta to an ind:ctment. if they presumed to art afterwards, without being re-appointed and giving bond and security, as when first appoint* d.
 

 This act also enlarged the sphere of their official duties». It authorized them to collect claims placed in their hands forcollection withoutasuit or warrant; hntit m<.de it their official diuy faithfully to pay over the monies so collected to the persons entitled to receive them. But at the expiration of one year after their appointment, their official bond ceased to be obligatory, as to breaches of official duties committed after that time j but was a security for
 
 *490
 
 gucli breaches committed the year preceding, whilst it was in force.
 

 In the present case, the claim of the person for whose ^ene^ tl”8 suit has been brought, was placed with the constable for collection in the year 1823. During that year, or the year commencing at the date of the bond on which this suit is brought, no official breach of duty is alleged in the constable$ bat a breach of duty is charged in the year 1825. Now if the Defendant
 
 Coble
 
 acted as a constable during that year, he had given a bond with securities for the faithful discharge of his official duties for that year, and the party injured would have his remedy on that bond, and not on the bond given in 1823— If the constable continued to act after the year 1823, without having given bond, he was, as before stated, liable
 
 to
 
 an indictment. But the person .for whom this suit is brought can only be considered as having employed the Defendant in his business as a private individual, and lie can only look for redress to his individual responsibility. Hardship and injury there may be in the case, but the law cannot be blamed
 
 •,
 
 because the records of the Court are open to public inspection, and any person may see upon examination who are regularly appointed constables, and have given security for the faithful discharge of their official duties. If they take it upon trust, that a man is constable who pleases to act as such, they must blame their own credulity, rather than subject sureties to losses against which they never undertook, either in law or in fact, to indemnify them. I therefore am of opinion that the rule for a new trial should be made absolute.
 

 Per Curiam. — Let the judgment below be reversed, and a new trial awarded.