Nash, J.
 

 We are of opinion that there is error in that part of the judgment, affecting the assets of Archibald Yarborough, in the hands of his executor.
 

 The members of this Court, upon whom has devolved
 
 *59
 
 tlie responsibility of deciding this case, greatly regret, that, in the performance of this duty, they have not been aided by an argument at the Bar, and still more that they have been deprived of the assistance of his Honor, the Chief Justice, who, being connected with some of the parties, has declined to sit in the cause or interfere in its decision. Under these circumstances, wc consider it not only our privilege, but our duty, to place our judgment upon that ground, which will be the least comprehensive in its operation. We therefore express no opinion as to the extent of the prior right of the State, as against other creditors, to have its claims against a joint debtor first satisfied, 'but confine ourselves, strictly, t® the ease now before us. Does that prior right exist in this case ? Wc think it docs not, f«or the reason, that the State cannot, in our opinion, upon the facts set forth in the case agreed, enforce, against the estate of Archibald Yarborough, the collection of the bond given by him, and which is now in suit in Franklin Superior Court.
 

 In the construction of bonds and obligations, the rule of law is, if the bond he a singlo one, it is to be taken most strongly against the obligor: but when it has a condition annexed to it, which is doubtful, as that is for the ease and favour of the obligor, it is to be taken most strongly in his favour. Hurlston on Bonds, Law Libra, vol. 9, p. 17. Shep. Touch. 375, 379.
 

 In the construction of conditions, the Court will look to the meaning of the parties, so far as it can be collected from the instrument itself; and, when the intention is manifest, they will transpose or reject insensible words, and supply an accidental omission, in order to give effect to it — that is, the intention of the parties.
 
 Goles and Holme,
 
 8 B. & C. 568. l Saun. 66, a. note. Hurlston on Bonds, Law Library, vol. 9, p. IT.
 

 The condition of a bond is frequently preceded by a recital of certain explanatory facts, and in such caso, if a certain particular thing be referréd to, the recita!
 
 *60
 
 will operate against the parties to the bond, as a conclusive admission of the fact recited ; and these recitals will frequently operate in restraint of the condition, though the words of it imply a larger liability than the recital contemplates.
 
 Pearsall
 
 v.
 
 Summersett.
 
 4 Taun. 523.
 
 Payler
 
 v.
 
 Homesham,
 
 4 Maule & Sel. 425. Hurlston on Bonds, Law Lib. vol. 9, p. 17, 18.
 

 In the latter case, Lokd Ellbnboeouoh observes, that the general words of a clause may be restrained by the particular recital. “ Common sense,” he says, “ requires it should be so ; and, in order to construe any instrument truly, you must have regard to all its parts, and most especially to the particular words of it.” These cases are cited to show that the meaning of the parties, as gathered from the instrument itself, is the governing rule in the construction of obligations, and that in those, accompanied with a condition, where the meaning is doubtful, such a construction must be put upon them as is most favorable to the obligors. What, then, was the meaning of the parties in entering into the bond, upon which the executor of Archibald Yarborough is sued, to be gathered from the instrument itself? The State had, by endorsing, guaranteed the bonds of the Raleigh and Gaston Rail Road Company, to the amount of $500,000, and they had authorised the Stockholders of the Company to give bonds to the amount of their stock, and individuals, who might be disposed to assist them, their bonds to any amount they pleased, for the purpose of further indemnity of the State, over and above the property of the Company already conveyed for that purpose, “ provided such bond or bonds shall, in the whole, amount to the said sum of $500,000.”
 

 The State, then, it is'obvious, did not intend to receive the bond or bonds of the Stockholders or of individuals, unless, altogether, they should amount to the sum guaranteed by her; and, on the other hand, it is equally clear, that the several obligors did not intend that their several
 
 *61
 
 bonds should bo obligatory upon them, but upon the same condition. Nor is this view of the case weakened by the fact, that the bond was delivered to the Treasurer, who was the agent of the State to receive it. The delivery was full and complete, and not a conditional one. But it was the delivery of a bond, with a condition upon its face. ■ We consider it the same, as if the bond had stipulated, in so many words, that it should have upon the obligors no obligatory force, unless the whole of the $500,000 was secured by the bonds of other persons; and, in order to enable the State to recover upon the bond now in suit against the executor of A, Yarborough, it must be made appear, that the whole of that sum, before the bringing of that action, had been so secured. In the case now under consideration, it does not so appear, and it is as if it did not exist, upon the principle,
 
 de non ap-pareniibus, el non
 
 existenlibus,
 
 ectdem cst lex.
 
 From the nature of the condition, it could be enforced only by the Etate through its agents, and through them alone, could it be made known to the defendant, that it was complied with. The different bonds were necessarily executed by the different obligors in each, at different times and different places. The convenience of all parties required there should be some common repository, where they might be delivered or placed, until the requisite ■ amount was acquired. That-common repository in this case was the Public Treasurer. Their being placed with him is no evidence, under the circumstances, that they were received by the State. The latter was not bound to receive them, until the required amount was raised, nor were the various obligors bound to their payment until such event. Our opinion is formed exclusively upon the case, as it is before us. Wq know nothing about it, and can, judicially, know nothing concerning it, that is not in the record. According to our view, the making up the whole $500,000 by the Stockholders and subscribers, by bonds, was a condition precedent, to be shown by the
 
 *62
 
 State, before there could be any breach of the bond,-in the case against the defendant, Yarborough. The question, therefore, of the State’s priority does not arise in this case.
 

 Per Curiam. Judgment of the Court below reversed, and the Court proceeding to give such judgment upon1 the whole record as ought to have been given below, gives judgment for the plaintiff against all the defendants, which as to the said defendant, Yarborough, is for the assets confessed to be in his hands.