Nash, J.
 

 v The office of constable enduies but for one' year, and the bond given for the faithful discharge of his duties, binds his sureties only for acts done, or omitted to be done during that time. If, at the expiration of the official year, he is re-appointed, it is a new and distinct appointment; as much so, for the purpose of our present investigation, as if a different person were chosen. The different sureties, or the sureties on the different bonds, are answerable only for the year, to which their bond-
 
 *200
 
 extends, and at the expiration of each .official year, the official bond given for that year, ceases to have any obligatory force, for breaches committed thereafter. Thus in
 
 Keck
 
 v.
 
 Coble,
 
 2 Dev. R. 491 ; the defendant was ap-
 

 pointed a constable for the year 1833, and in July, the relator put into
 
 his
 
 hands a
 
 note
 
 for collection, the money upon which was received by him in 1825. In an action against the constable and his sureties, upon his bond for 1823, for collecting, the money and not paying over, it was held that the plaintiff could not recover. In the
 
 Governor to the use of Leisner against. Lee and others,
 
 4 Dev. & Bat. 457, it is decided that when a constable receives notes to collect in one year, and is re-appointed for the succeeding year, if he is guilty of
 
 laches
 
 in not collect'ing during the first year, but, still having the notes, does collect the money the second year and neglects to pajr it over; in an action upon the second bond for the breach in not paying over, it is no defence to show that there was a breach of the preceding bond, each set of sureties are answerable for the breach committed for the year for which they are bound; so in
 
 Goforth
 
 v.
 
 Lackey and others,
 
 8 Ird. 25, the Court decide, that when a constable, who continues in office two years, collects money for an individual the first year and does not pay it over, the sureties upon the first bond are liable, though the money was not demanded until the second year. These cases show, that the different bonds given by a constable are not cumulative, as in the case of guardians, but are distinct and separate, each to secure the performance of the duties stated in them. When there arc more bonds than one, in order to ascertain which
 
 set
 
 of sureties is liable, it is necessary to fix the time of the breach, for that will fix the liability. Now in the case before us, in the plaintiff’s declaration two breaches are assigned, one for not collecting in the year 1830, and the other for collecting and not paying over. The case states that no evidence was offered on the second; it was abandoned as the
 
 *201
 
 money was received by him in 1840. For the first breach, the defendants are clearly liable, and liable in damages to the amount of injury sustained by the plaintiff. If, by the negligence of the defendant Davis, the plaintiff had lost his debt, by the insolvency of Sugart during the official year of ’39, then the sureties of that year, the present defendants, would have been liable to the full amount of the claim against Sugart. But this is not the ease. We are informed that Sugart, not only continued solvent, but actually paid the money due the plaintiff, to the constable Davis in the year ’40, who was still an officer ; and we have seen that the sureties on the official bond for the year when the money was received, are the parties liable to the plaintiff for
 
 it.
 
 The plaintiff is entitled against these defendants to nominal damages only. His Honor, the presiding Judge, erred in permitting the plaintiff to recover more.
 

 Pm Curiam. Judgment reversed, and a
 
 venire denov&
 
 ordered.