State on relation of M. V. PRINCE Chairman, &c. v. K. M. MCNEILL and others.

*Sheriff—Official Bond--Breach of—Conditions Expressed.*

1. Where an action was brought on the bonds of a Sheriff, given in 1872 and 1873, conditioned only for those years, for default in collecting taxes for the year 1874; *Held,* that a demurrer to the complaint was properly sustained.

2. In such case the conditions expressed in the bonds cannot be enlarged so as to embrace the year 1874; nor will the law prescribe the conditions, without regard to the conditions expressed in the bonds after they are executed.

(*State* v. *Bradshaw,* 10 Ire. 229; *Holt* v. *McLean,* 75 N. C. 347; *Eaton* v. *Kelly,* 72 N. C. 110; *Crumpler* v. *The Governor,* 1 Dev. 52; *State* v. *Long,* 8 Ire. 415; *State* v. *Brown;* 11 Ire. 141, cited, distinguished and approved.)

CIVIL ACTION for Breach of Official Bond, tried at Fall Term, 1876, of HARNETT Superior Court, before *Furches, J.*

PRINCE v. MCNEILL.

This action was brought by the plaintiff as Chairman of the Board of County Commissioners against the defendant, K. M. McNeill and the sureties on his bonds as Sheriff of Harnett County, executed respectively on the 2d of September, 1872, and the 1st of September, 1873.

The allegation was that the Sheriff failed to collect and to pay over the whole amount of taxes as evidenced by the list placed in his hands in July, 1874 ; that there was a balance due of $7,606.06, and that the County Treasurer, refusing to bring the action as he was required to do, is made a party defendant.

The defendants demurred to the complaint and assigned as cause :

1. Because the action is in the name of plaintiff as Chairman of the Board of Commissioners.

2. Because it appeared from the complaint that the bond declared on was given for a special purpose, and conditioned for the collection and payment of " all the taxes due for said County for said year," (1872), &c., and that the same was unauthorized by law, and not binding on defendants.

3. Because the complaint does not allege that there was any failure on the part of the Sheriff to collect and pay over the taxes assessed upon the list which came into his hands on the 1st of July, 1873.

4. Because the complaint assigns as a breach of the bond given in September, 1872, a failure to account for and pay over the taxes collected, or which ought to have been collected upon the list which came into the hands of the Sheriff in July, 1874.

5. And because the complaint assigns as a breach of the bonds given in September, 1872 and 1873, a failure to collect the taxes upon the list which came into the hands of the Sheriff in July, 1874, and demands judgment against all the defendants for the penalty of both of said bonds.

His Honor sustained the demurrer and gave judgment in favor of defendants for costs.   Appeal by plaintiff.

*Messrs. John Manning* and *N. W. Ray*, for plaintiff.
*Messrs. W. A. Guthrie, Neill McKay* and *W. E. Murchison*, for defendants.

READE J.   The plaintiff insists that his right to recover is clear under the decision in *State* v. *Bradshaw*, 10 Ire. 229 ; that upon a Sheriff's bond conditioned that " he shall pay all money by him received by virtue of any process, to the person or persons to whom the same shall be due, and in all other things will truly and faithfully execute the said office of Sheriff during his continuance therein," the sureties were liable for the Sheriff's default in collecting and not paying over money, which by law he was bound to collect and pay over.   That is the whole case, and how it governs this is not seen.

In this case there is no such condition in the bonds, general or special; and the only conditions in the bonds to collect and pay over the taxes for the years 1872 and 1873, were strictly complied with.

The plaintiff insists that the defendant Sheriff, instead of giving a bond in September, 1872, conditioned for the collection and payment of the taxes of 1872, and another bond in 1873, for the collection and payment of the taxes of 1873, both of which bonds he complied with, *he ought* to have given a bond in September, 1872, and in September, 1873, conditioned for the collection and payment of the taxes of his *whole term of office*, which would have included the year 1874, in which year he was a defaulter, and that what he ought to have done he is to be taken as having done ; and his bonds of 1872 and 1873, although conditioned only for those years, are to be construed as if con-

ditioned for the collection and payment of the taxes of 1874.

It is not pretended that that would be so at common law, or by the ordinary rules of construction; but that it is so under our statute which provides as follows: "Whenever any instrument shall be taken or received under the sanction of the Board of County Commissioners, &c., purporting to be a bond executed to the State for the performance of any duty belonging to any office or appointment, such instrument notwithstanding any irregularity or invalidity in the conferring the offices, &c., or any variance in the penalty or condition of the instrument from the provision prescribed by law, shall be valid, and put in suit in the name of the State for the benefit of the person injured by a breach of the condition thereof, in the same manner as if the office had been duly conferred, &c., and as if the penalty and condition of the instrument had conformed to the provisions of law."

It is insisted that under that statute the conditions of the bonds sued on are to be enlarged and construed as if they embraced in express terms the year 1874, or the whole term of office; that as soon as the defendants executed the bonds, the law prescribed the conditions without regard to the conditions as expressed in the bonds. If the statute had been intended to be as broad as that, then the statute itself ought to have set out the conditions, so that the obligors could have known what obligations they were incurring. Other sections of the statute require the Sheriff before entering upon the duties of his office to execute three bonds—namely, " one conditioned for the collection, payment and settlement of the *County,* poor, school and special taxes, as required by law, in a sum double the amount of said taxes; one for the collection, payment and settlement of the *Public* taxes, as required by law, in a sum double the amount of such taxes; and a third in the sum of $10,000 conditioned as follows;" and then the conditions are set out in detail, being for the

26

faithful execution of process and the collection and payment of money, &c., "and in all other things well and truly to execute the said office of Sheriff during his continuance therein."

Now the conditions of the bonds sued on do not conform to the requirements of these sections of the statute. Instead of being one bond for the County taxes in double their amount, and another for the State taxes in double their amount, the two bonds are blended into one for both County and State taxes, and without specifying the amounts.

Now prior to the curative statute above set forth, these bonds could not be recovered upon at all as statutory bonds, as a number of decisions will show; but would have had to be sued on as common law bonds. But now that statute cures such defects. It being apparent from the conditions expressed in the bonds that they were intended to be for the collection of the State and County taxes, they shall be valid for that purpose as statutory bonds, notwithstanding the formal variance between the conditions as expressed in the bonds, and those prescribed by law. The object was to enforce the substance of the obligation without regard to formal defects or variances. But it certainly never was the purpose of the act to make men do that which they never undertook to do in form or substance; nor especially to do precisely the contrary of their undertaking.

Here the undertaking was in plain terms which admit of no other construction—to collect and pay the taxes of 1872 and 1873, and not the taxes of 1874.

To this the plaintiff objects that although the bonds sued on have not conditions to cover the taxes of 1874, yet they *ought* to have, and therefore under the statute they are to be construed as if they had; and *State* v. *Bradshaw*, 10 Ire. 229, is relied upon as express authority.

That is stated to be "an action of debt on a general bond given by the Sheriff of Rowan in the sum of $10,000 for

the discharge of the duties of his office for the year 1847, off which the condition is in the form prescribed by the statute. The breaches assigned were that the Sheriff failed to collect. the *Town* taxes of Salisbury for 1847. The defence was that the bond sued on was for the collection of the *State* and *County* taxes, and that the *Town* taxes were neither, and therefore the bond did not embrace them. What the decision would have been, if that had been the only condition of the bond, does not appear ; but a further condition of the bond was, that " he shall pay all money by him received by virtue of any process to the person or persons to whom the same shall be due, and in all other things will truly and faithfully execute the said office of Sheriff during his con- tinuance therein ;" and then the learned Judge who deliv- ered the opinion proceeded to say ; " These words are there- fore broad enough to cover the present case."

It will be seen, therefore, that the only point in that case was whether to collect the *Town* taxes was a part of the Sheriff's duty. If it was, then the bond which covered *all* his duties in express terms and specifying the payment of all money collected, of course covered this *particular* duty, and the particular money collected. And there having been an act making it his duty to collect the *Town* taxes before the bond was executed, the bond was held to cover it. It is difficult to see a single particular in which that case is like this.

The plaintiff supposed that that case is in direct conflict with *Holt* v. *McLean*, 75 N. C. 347 ; *Eaton* v. *Kelly*, 72 N. C. 110, and admits that if these cases are to stand, then he has no showing. We think these cases were well decided, and are not in conflict with *State* v. *Bradshaw*, and are supported by *Crumpler* v. *Governor*, 1 Dev. 52; *State* v. *Long*, 8 Ire. 415 *State* v. *Brown*, 11 Ire. 141, and by the well settled rules of construction both of bonds and statutes.

The cases of *Holt* v. *McLean*, and *Eaton* v. *Kelly*, *supra*, which

were cited as in conflict with *State* v. *Bradshaw, supra,* are not so. They simply decide that when specific duties are mentioned, and there is a general clause of faithfulness in all other things, it means all other *like* things. As, for instance, the bond to serve process, &c., and faithfully to do all other things, does not cover the collection of taxes; and *State* v. *Bradshaw,* simply decides that a bond to serve process, collect and pay out moneys, &c., is broad enough to cover money collected for a Town, which it was his duty to collect.

There is no error.

PER CURIAM.                    Judgment affirmed.