JOSIE BREEDING v. KINSEY JORDAN, *et al.*, *Appellants*.

Mulct Law Bond: *Liability of sureties.* The sureties on the bond
of a mulct law saloon keeper, given under Code, section 2448,
subdivision 3, providing that such saloon keeper shall give a
bond conditioned to pay all damages that may result from the
sale of liquors on the premises, are not relieved from liability
for damages from the sale of liquor to plaintiff's husband by
the fact that the saloon keeper had not filed the consent of all
property owners within 50 feet of his saloon, as required by
subdivision 2 as a condition precedent to his right to operate
under the mulct law; the bond reciting that all the pro-
visions of the law had been complied with.

*Same.* The sureties on the bond are subject to the same liabilities
for such sale as the principal, who, under Code, section 2418,
is liable to the wife, child, etc., for damages both actual and
exemplary, resulting from the intoxication of the husband,
father, etc., caused by the illegal sale of liquor by the saloon
keeper.

*Appeal from Wapello District Court.*—HON. F. W. EICH-
ELBERGER, Judge.

WEDNESDAY, FEBRUARY 5, 1902.

THE defendant Jordan is accused by plaintiff of sell-
ing intoxicating liquors to her husband, notwithstanding
notice to desist, and producing his intoxication, and judg-
ment for damages demanded against him and the sureties
on his bond. Trial to jury resulted in a verdict against de-
fendants, on which judgment was entered, and they appeal.
—*Affirmed.*

*D. H. Emery* and *S. E. Adler* for appellants.

*J. W. Lewis* for appellee.

LADD, C. J.—Ostensibly, at least, the defendant Kin-
sey Jordan was operating a saloon under the mulct law,

though he had failed to file with the county auditor the written consent of resident freeholders owning property within 50 feet therefrom, as required by subdivision 2 of section 2448 of the Code. It is insisted that because of this omission the sureties on his bond are not liable. This bond, in accordance with subdivision 3 of the above section, was conditioned upon the faithful observance of all the provisions of the law relating to the mulct tax, and the payment of all damages which might result from sales of intoxicating liquors upon the premises described, and especially recited the filing of the general statement of consent, a certified copy of consent resolution adopted by the city council and also "a written statement of consent from all the resident freeholders owning property within fifty feet of the premises hereinbefore described where said business is or is to be carried on." From this it appears the bond was executed for the express purpose of enabling Jordan to engage in the business of selling intoxicating liquors. It was one of the essential requisites to securing immunity from the penalties of the prohibitory law. Should other conditions of that section not be complied with or be violated, the bar to proceedings under the general statutes would either never be interposed or cease to be effectual. Section 2451, Code. In either event, it is not perceived how such a result can affect the validity of a bond executed in strict compliance with another condition of the statute. The immunity of the saloon keeper from the penalties of violating the law is one thing; the liabilities of the sureties on his bond, executed for the benefit of any one suffering damages because of his acts, quite another. The invalidity of the election of an officer furnishes no defense to an action on his bond. Neither is proof of noncompliance with other conditions of the mulct law any defense to a suit on such a bond for the damages contemplated in its execution. Having recited therein compliance with all the preliminary provisions of the law, and the prin-

cipal having engaged in the traffic precisely as though this had been done, the sureties are not in a situation to object that he has not done that which they, in their obligation, have solemnly declared has been performed. *Boone County v. Jones,* 54 Iowa, 703; *Bennehan v. Webb,* 28 N. C. 57.

II.   The bond is for the payment of damages "that may result from the sale of intoxicating liquors upon the premises occupied by the obligor." They are precisely those which might be recovered from the principal alone, and by the express provisions of section 2418 of the Code, include, in such a case as this, exemplary as well as actual damages. The verdict is supported by the evidence, and is not excessive.—AFFIRMED.