CITY OF WASHINGTON AND JOHN B. SPARROW, SINKING FUND COMMIS-
SIONER OF THE CITY OF WASHINGTON, NORTH CAROLINA, v. THE
TRUST COMPANY OF WASHINGTON AND NATIONAL SURETY COM-
PANY AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND,
ADDITIONAL PARTY.

(Filed 1 November, 1933.)

1. **Principal and Surety B c—**

   As a general rule a surety's liability on the bond of a public officer
   ceases when the term of office of the principal expires by operation of
   law.

2. **Same—Rule that public official's bond covers whole term of office may
   be modified by contractual provision to contrary.**

   While the statutory bond of a public officer must be written in accord-
   ance with the provision of the applicable statute, and any discrepancy
   will usually be treated as an irregularity and void, C. S., 324, this rule
   does not preclude the parties from contracting in the bond for liability for
   a shorter period than the official term of office of the principal.

3. **Same—Bond in this case held to cover period of one year although
   principal's term of office was six years.**

   The board of aldermen of a city appointed a trust company as sinking
   fund commissioner for the term of six years. Defendant surety company
   executed the bond required of the commissioner by statute, the bond re-
   citing that the principal had been appointed sinking fund commissioner
   for the term of one year, and being conditioned upon the faithful perform-
   ance of the commissioner's duties. At the expiration of the first year of the
   commissioner's term another surety executed a bond covering the whole
   six year term, the board of aldermen being given statutory power to ex-
   amine all bonds yearly and renew them if the security was impaired or
   adjudged insufficient, and the bonds not being made cumulative by reason
   of renewal, sec. 82, chap. 170, Private Laws of 1903. *Held,* defendant's
   bond covered a period of one year only, and the city accepted the bond
   with knowledge of this fact.

4. **Limitation of Actions B a—Statute held to run against surety on
   official bond from expiration of contractual period of bond.**

   Where the official bond of a public officer by valid contractual limitation
   covers only the first year of the official's six-year term of office, the
   statute of limitations begins to run in favor of the surety on the bond from
   the expiration of the first year of the official's term of office and not the
   expiration of the official's statutory six-year term of office. C. S., 439.

APPEAL by Fidelity and Deposit Company of Maryland, from *Barn-
hill, J.,* at May Term, 1933, of BEAUFORT. Reversed.

On 3 August, 1932, the plaintiffs brought suit against the Trust
Company of Washington and the National Surety Company. They filed
a complaint alleging that on 9 May, 1921, the Trust Company of

Washington was appointed sinking fund commissioner of the city of Washington, and received from its predecessor in office certain moneys and securities for which it had not accounted; that the plaintiff Jno. B. Sparrow, is the present sinking fund commissioner of said city; that as surety for the Trust Company the National Surety Company executed a bond in the sum of $75,000 conditioned that said Trust Company should faithfully and truly perform all the duties of its office and pay over and account for all funds coming into its hands by virtue of its office as sinking fund commissioner; and praying that the plaintiffs recover of said Trust Company the sum of $150,000 and of the National Surety Company the sum of $75,000, to be discharged upon the payment of any balance that may be found due the plaintiffs upon an accounting. These two defendants filed an answer denying liability.

On 19 August, 1932, the Fidelity and Deposit Company of Maryland was made a party defendant. The plaintiffs then filed a supplemental complaint and the Fidelity and Deposit Company made a motion to dismiss the action on the ground that it had executed its bond for a term of one year only, at the expiration of which its bond was canceled and a bond with the National Surety Company was accepted. Reserving its rights under the foregoing motion, the Fidelity and Deposit Company of Maryland filed an answer denying the material allegations of the supplemental complaint and pleading the statute of limitations in bar of the plaintiffs' recovery. The plaintiffs filed a reply to the appellant's motion and answer and the appellant demurred *ore tenus* to the complaint for the asserted reason that it does not state a cause of action. The pertinent clauses of the bond filed by the Fidelity and Deposit Company of Maryland are set out in the opinion.

The court overruled the demurrer *ore tenus* and the Fidelity and Deposit Company excepted and made a motion for judgment upon the pleadings, which was denied. Thereupon the court of its own motion referred the case to a referee with directions to state an account and make report of his findings and conclusions of law. The order of reference was held in abeyance as to the Fidelity and Deposit Company pending the appeal to the Supreme Court. To this order the Fidelity and Deposit Company excepted.

*S. M. Blount and Ward & Grimes for plaintiffs.*
*I. C. Wright for Fidelity and Deposit Company of Maryland.*

ADAMS, J. The city of Washington is a municipal corporation created and existing by virtue of an act of the General Assembly. Private Laws, 1903, chap. 170. On 9 May, 1921, in the exercise of authority conferred upon it by section 77 of this act, the board of aldermen appointed the

Trust Company of Washington as commissioner of the sinking fund of the city for a term of six years and the Trust Company entered upon the exercise of its official functions on 11 June, 1921. The act prescribes the duties of the commissioner but the appeal does not require that they be set forth here or specifically defined. It is sufficient to say that security was demanded (sec. 82) and that on 25 April, 1922, the Fidelity and Deposit Company of Maryland executed as surety for the commissioner a bond in the penal sum of $75,000, containing the following recitals: "Whereas, the said Trust Company of Washington, North Carolina, was on 15 March, 1922, duly appointed by the board of aldermen of the city of Washington, North Carolina, as sinking fund commissioner for the city of Washington, North Carolina, for the term of one year beginning 15 March, 1922: Now, therefore, the condition of this obligation is such, that if the said Trust Company of Washington shall well and faithfully discharge the duties of the office aforesaid, then this obligation to be void, otherwise to be and remain in full force and virtue."

On 15 March, 1923, the National Surety Company, authorized to become sole surety on bonds in the State of North Carolina, executed its bond in the penal sum of $75,000 as surety for the commissioner, containing a recital of six years as the term of office and conditioned for the faithful performance of all the official duties of the commissioner and the payment of all funds coming into its hands by virtue of its office; and on 15 March, 1929, the National Surety Company executed another bond in the same sum as surety, reciting the commissioner's election to the office for a term of one year beginning 15 March, 1929, and ending 15 March, 1930, "or until its successor is duly elected or appointed and qualifies."

Section 82 of the act under which the city of Washington was incorporated provides that during the month of May such bonds shall be carefully examined and certified anew by the board of aldermen annually, and if the security is impaired or adjudged insufficient the bonds shall be renewed but not made cumulative by reason of the renewal.

The appellant contends that its bond covers a period of only one year; that at the end of this period its liability ceased; that the complaint does not state a cause of action; that the action against the appellant was instituted on 19 October, 1932; and that it is barred by the statute of limitations.

The plaintiffs say that the appellant's bond was in effect from 11 June, 1921, to 11 June, 1927, the term for which the commissioner was appointed, and that it protects liabilities accruing between these dates—certainly since 15 March, 1922; that the bond of the National Surety Company "covers any breach during the entire period"; that in any

event the appellant is liable for default alleged to have occurred between 25 April, 1922, and 25 April, 1923; and finally, that the cause of action is not barred by the lapse of time.

As a general rule a surety's liability on the official bond of a public officer ceases when the term expires by operation of law. The question was presented for the first time in *Arlington v. Merricke,* 85 Eng. R., 1215, 1221, in which *Chief Justice Hale* held that the sureties on a bond taken by the Postmaster-General from one of his deputies was not liable for defaults occurring after the period of the deputation; and the rule there stated has been generally followed by the courts of this country. Annotation, 81 A. L. R., 10. In his Treatise on the Law of Public Officers, sec. 205, Throop says: "With respect to the time when the liability of the sureties expires, the general rule is that in the absence of any designation of another limit, either in the bond itself, or in the statute under which it is given, the sureties are responsible only for defaults of the principal occurring before the end of the official term which he is serving, or is about to serve, when the bond takes effect"— a principle which is maintained by the decisions of this Court. A surety is answerable only for the period over which his bond extends. *Fitts v. Hawkins,* 9 N. C., 394; *Banner v. McMurray,* 12 N. C., 218; *Keck v. Coble,* 13 N. C., 489; *Miller v. Davis,* 29 N. C., 198; *Holloman v. Langdon,* 52 N. C., 49; *Prince v. McNeill,* 77 N. C., 398; *S. v. Martin,* 188 N. C., 119.

True, in these cases the official term was fixed by law, and it may be conceded that in the absence of other limitation liability on the bond of a public officer is coextensive with the tenure of office; but here we are confronted with the question whether the general rule is modified or affected by the statement in the appellant's bond that the Trust Company had been appointed as sinking fund commissioner "for the term of one year beginning 15 March, 1922."

We are aware of the doctrine that official bonds should be liberally construed and that any variance in the condition of such an instrument from the provisions prescribed by law will usually be treated as an irregularity. C. S., 324. But this principle does not abrogate the freedom of contract. A bond is a contract between the parties and obligations of the parties are generally not extended by construction beyond their specific engagements. The theory of a surety's liability to the end of the term may be modified by a contractual limitation of time, and the solution of the question is often found in the language of the bond. Murfree on Official Bonds, secs. 80, 88, 132, 801; Mechem on Public Officers, secs. 282, 286; Throop's Treatise, sec. 193. Where by the language of the bond the liability of sureties is limited to only a portion of the term, such limitation will be observed. *Webster v. Jossman,* 165

13—205

N. W. (Mich.), 802. "The condition of a bond is frequently preceded by a recital of certain explanatory facts, and in such case, if a certain particular thing be referred to, the recital will operate against the parties to the bond as a conclusive admission of the fact recited; and these recitals will frequently operate in restraint of the condition, though the words of it imply a larger liability than the recital contemplates. *Pearsall v. Summersetl,* 4 Taun., 523; *Payler v. Homesham,* 4 Maule & Sel., 425; Hurlston on Bonds, 9 Law Lib., 17, 18. In the latter case *Lord Ellenborough* observes that the general words of a clause may be restrained by the particular recital. 'Common sense,' he says, 'requires it should be so; and in order to construe any instrument truly, you must have regard to all its parts, and most especially to the particular words of it.' These cases are cited to show that the meaning of the parties as gathered from the instrument itself is the governing rule in the construction of obligations, and that in those accompanied with a condition, where the meaning is doubtful, such a construction must be put upon them as is most favorable to the obligors." *Bennehan v. Webb,* 28 N. C., 57.

In *Prince v. McNeill, supra,* the plaintiff brought suit on the bond of a sheriff and contended that the defendant instead of giving a bond for 1872 and 1873 should have given one for the whole term, which would have included the year 1874 when he made default. Rejecting this contention the Court said: "It is insisted that under that statute (C. S., 324) the conditions of the bonds sued on are to be enlarged and construed as if they embraced in express terms the year 1874, or the whole term of office; that as soon as the defendants executed the bonds, the law prescribed the conditions without regard to the conditions as expressed in the bonds. If the statute had been intended to be as broad as that, then the statute itself ought to have set out the conditions, so that the obligors could have known what obligation they were incurring."

We deem it apparent in the present case that the appellant intended to execute a bond for the period of one year and that the city accepted the bond with knowledge of this fact. Our conclusion is fortified by the circumstance that at the expiration of one year from the date of the bond the National Surety Company executed its bond for the term of six years.

If the principal defaulted while the appellant's bond was in effect the plaintiff could have brought suit at any time after 15 March, 1923. *Washington v. Bonner,* 203 N. C., 250. The appellant was made a party to the action on 19 October, 1932. Of course the statute of limitations is a matter of defense (*Drinkwater v. Tel. Co.,* 204 N. C., 224); but here there is no controversy as to the material facts relating to this

question. Between 15 March, 1923, and 19 October, 1932, there was a lapse of more than six years. C. S., 439. Upon consideration of the whole record we are of opinion that the plaintiffs cannot prevail and that the action should be dismissed. Judgment

Reversed.