HekdersoN, Judge.
 

 The Sheriff was not originally a fiscal officer j but at a very early period of the Provincial Government it was made his duty to collect the taxes which were laid, by the Legislature — and it is admitted, that the obligation to do so, was embraced by his official, bond» ' I presume that the revolution, of itself, produced no change in this particular — it was only a change of sovereignty. But immediately after it, tax-gatherers, as they were called, were appointed to collect the taxes and pay them to the District Treasurer, upon which the collection of the taxes ceased to be within the duty or power of the Sheriff. Afterwards the S fieri ft' was di
 
 *217
 
 reeled to receive the taxes from the tax-gatherers and pay them to the Treasurer. Soon after which, it was . , ,. , „ made his duty to receive them directly from the people, an(j jjon(i payable to the Governor was required for the performance of this duty. This bond is in addition to his ordinary, or, as it is commonly called, his official bond. The County Court was authorised and directed to lay a tax for the county contingent purposes, and to appoint collectors thereof, who were to give bond.— This duty could not then be performed, by the Sheriff $ of course it came neither within his official bond, nor that for the collection of the public taxes. By a subsequent statute, it was made the duty of the Sheriff to collect those county taxes, and lie was required to give bond payable to the Chairman of the Court for tiie discharge of this duty. I think it very clear, that on this last mentioned bond, and this alone, his sureties are liable for his failure of duty in this particular, not on the bond to the Governor for the collection of the public tax, although it may contain words sufficiently broad to embrace this, or all his duties
 
 ;
 
 for the Governor is not appointed by law to superintend the collection of these taxes, and the general words shall be controlled and restricted by the particular words, to duties of the like kind ; for those particular words being properly inserted, they were not there by mistake. And this fact distinguishes this case from that of
 
 Crumpler
 
 v.
 
 the Governor,
 
 decided at the last term. It is not embraced by the Sheriff's
 
 official
 
 bond, payable also to the Governor, for the same reasons.
 

 This opinion does not conflict with any thing which heretofore has fallen from the Court, or any member thereof. It is placed entirely on the ground that when it was made the duty of the Sheriff to collect the county contingent taxes, he ivas directed to give bond payable to the Chairman of the Court for the performance of that
 
 *218
 
 duty, which withdraws the obligations imposed by'that law, both from the bond given for the collection of the .1 , . public taxes, and trom that tor the discharge ot bis ordinary official duties, independent of the clear intent of the Legislature that it should be so, the most inexpli. cable difficulties would arise were it otherwise, between persons having claims of different natures-against the Sheriff, and possibly they may occur in the present case, for this recovery, if made, may, with those hereafter had <m this official bond, exhaust the penalty; what shall those persons do, who may have suffered by a breach of the
 
 official
 
 duties of the Sheriff? Shall this recovery forestall them, and shall they be sent after the County Trustee for satisfaction ? For I presume it must be admitted, that they have the preferable right, and if so, may pursue the fund. — -1 think the plain and evident intent of the Legislature was, to, confine each class of claimants to the bond given for tiieir benefit. There should be judgment for the Defendant.
 

 Per'curiam. Judgment affirmefi.