*276
 
 Nash, C. J.
 

 In the year 1844, the Legislature passed an Act for the collection of what is called the Common School Fund. Ire. Dig. Man., 105. In the 6th sec. of the 36th ch., the Court of each county is required to levy a tax for that purpose, and the Sheriff is directed to collect it “in the same manner that other county taxes are now levied for other county purposes.” The same section directs that the bond, given by the Sheriff to secure the payment of county taxes, “ shall contain a condition for the faithful collection and payment of the school taxes to the person authorised to receive the same.” In the bond of S. B. Dozier, the Sheriff, this condition, it is contended, as set forth in the Act, is omitted ; and the only question presented to us is, whether the Sheriff and his sureties are answerable for this tax collected by the former and not paid over, by force of any condition contained in their bond. We think they are. The Sheriff’s bond contains the following condition : — “Now if the said Samuel B. Dozier, Sheriff, shall well and truly account for and pay over to the County Trustee, all
 
 county taxes
 
 by him collected or received, and shall well and truly
 
 collect the same
 
 as he ought, and pay the same over to the County Trustee, or
 
 any other pet'son author-ised to receive the same,
 
 then,” &c. This condition does substantially pursue the direction of the statute. The common school tax is a county tax. By the Act of 1844, it was provided, that this fund should be distributed annually among the several counties of the State, in the ratio of their federal population. The fund thus provided was deemed insufficient to carry out the system through the State, and instead of providing by a public tax for the deficiency, the Legislature resorted to the expedient of calling upon each county to render its aid, when it was desirous to avail itself of the public fund. No county is compelled to do so. So far then as the establishment of common schools is intended, the Act is a general law; but so far as the aid of each county is required in raising the necessary funds, it is local, and the tax to be raised is a county tax, individual to each county. It is, therefore, in substance a county tax, to be expended in the county for the education of the children within it, and for none others. But the Legislature has left no doubt upon the question. The tax is in the Act called a
 
 county
 
 tax, to be collected as other
 
 *277
 
 county taxes. Such is the language of the Act. The condition of the bond in question does cover the tax laid for the use of the common schools in Currituck County. The case of
 
 Bradshaw,
 
 10.Ire., 229, to which our attention has been called, confirms the view of the Act we have taken. That was an action of debt upon the general bond of the Sheriff of Rowan, against him and his sureties. The condition was general as in this case. The Court decide that where a statute requires a bond from an officer for the faithful discharge of his dirties, and a new duty is by a subsequent Act imposed on the officer, such bond, given subsequently to the latter statute, embraces the new duty, and is a security for its performance, unless the subsequent Act requires a separate bond for the performance of the new duty. In this case, the Act of 1844 does not require a new bond to be given by the Sheriff for the collection of the common school tax, but that a condition to that effect shall be inserted in the bond to be given.
 

 We are of opinion that the bond declared on does embrace the condition required in the Act of 1844, and the plaintiff is entitled to judgment against all the defendants.
 

 Judgment below reversed, and judgment for the plaintiff for the sum of $1,074.09, according to the case agreed.
 

 Per Curiam. _ Judgment reversed.