JESSE T, EATON *v.* S. A. KELLY and others.

A Sheriff and his sureties are liable on his official bond, only for a breach of some duty specifically described therein.

(*Crumpler* v. *The Governor*, 1 Dev. 52; *The Governor* v. *Mattock*, Ibid. 214; *Jones* v. *Montford*, 3 Dev. & Bat. 73; *State ex rel. Ellis* v. *Long*, 8 Ired. 513; *State* v. *Brown*, 11 Ired. 141; *Brooks* v. *Gibbs*, 2 Jones 266; *Evans* v. *Blalock*, Ibid. 377, cited and approved.)

This was a CIVIL ACTION, upon the official bond of a sheriff,

submitted upon facts agreed, and determined by his Honor, *Cloud, J.*, at the Fall Term, 1874, of DAVIE Superior Court.

The facts, pertinent to the decision of this Court, are substantially the following:

That the defendant, Kelly, was elected sheriff of Davie county in 1868, gave bond and duly qualified. That in 1870, one Martin was elected sheriff and gave bond, but Kelly claiming to hold over, ousted him from the office. On the 12th day of October, 1870, Kelly renewed his bond, (which should have been given on the first Monday of the preceding September,) with the other defendants as sureties.

On the 6th day of October, 1870, Kelly, as sheriff, caused to be offered for sale, at public auction, at the court house door in Mocksville, a certain tract of land situate in Davie county, of about 220 acres, as the property of one Daniel Etchison, and at the same time caused it to be announced that the same was sold by virtue of writs of execution against the property of the said Etchison, at which sale the plaintiffs became the last, and highest bidder, giving therefor $399.25, which sum the plaintiff paid Kelly and took a sheriff's deed for the land, of date 7th October, 1870. Kelly, at the time, had no executions in his hands against Etchison, nor had he any authority whatever to sell the land.

Upon the foregoing facts, his Honor being of opinion, that as Kelly did not receive the plaintiff's money, by virtue of legal process, commanding him to levy the same, &c., he was not officially responsible, gave judgment against the plaintiff. From this judgment the plaintiff appealed.

*McCorkle & Bailey*, for appellant.
*Craige & Craige*, contra.

RODMAN, J. The question is not whether the sheriff is liable in damages for his false representation, but whether he and his sureties are liable on his official bond.

The condition of the bond is as follows: "If the sheriff

aforesaid shall, well and truly, faithfully account, and make due return of all process and precepts, to him, directed, and pay and satisfy all fees and sums of money by him received or levied by virtue of any process, into the proper office into which the same, by its tenor thereof, ought to be paid, or to the person or persons, to whom the same shall be due, or their executors, administrators or attorneys, *and in all other things well and truly, faithfully execute the said office of sheriff according to law, during his continuance therein,* the above obligation to be void, otherwise," &c. It cannot be contended that the breach complained of, comes within the first clause of this condition, which is for the due return of process, and the payment of all moneys collected, to the proper parties. If the breach, complained of, is covered by the bond at all, it can be only by the broad, comprehensive and general clause, for ' truly and faithfully, in all things, performing the duties of sheriff."

There are many decisions on the effect of these words. It may now be considered as settled, that they relate only to the true and faithful performance of the sheriff's duty, in the matters above seperately mentioned ; that is, in the return of process and the payment of money received by virtue of it, &c.

To give to these words the extended signification contended for on the part of the plaintiff, would render unnecessary any other words than these, as comprehending every violation of official duty in the condition of the bond declared on ; and would also render it superfluous for the sheriff to give bond for the collection and proper payment of taxes, State or municipal.

Every duty of the sheriff might be comprehended in these general words if they were not restricted by those which go before and designate the subject matter to which these are to apply.

The same Act which requires a sheriff to give a bond, in the form of that complained on, requires him to give the other bonds for the collection and payment of the State and muni-

cipal taxes, which conclusively shows that the general words have not the sweeping effect contended for.

The decisions to this effect are so numerous and uniform, that I will refer particularly to a few only, and that very briefly, and merely cite the others.

In *Crumpler* v. *the Governor*, 1 Dev., 52, the sheriff had given four bonds, but the condition of no one of them expressly provided for the payment of the State taxes, the non-payment of which was the breach alleged. All of them contained general words, " faithfully execute the office," &c. It was held, that these words did not extend beyond the duties specially described and provided for in the preceding clause. HENDERSON, J., dissented from the conclusion of the Court, but he concurred in this rule of construction, and states it with great clearness and force. *State* v. *Long*, 8 Ired., 415, was an action on a bond, with a condition containing general words, like these in the bond before us. In that case it was held, that these words did not impose on the sureties an obligation that the sheriff should commit no wrong by color of his office, nor do anything not authorized by law. It was also said, as had been decided in *Governor* v. *Montford*, 1 Ired., 155, that previous to the Act of 1829, which made them so, the sureties were not liable for a default of the sheriff in not returning or in making a false return to a writ. The followng cases confirm this rule of con struction : *Governor* v. *Mattock*, 1 Dev., 214 ; *Jones* v. *Mont-ford*, 3 Dev. & Bat., 74 ; *State ex rel Ellis* v. *Long*, 8 Ired., 513 ; *State* v.*Brown*, 11 Ired. 141 ; *Brooks* v. *Gibbs*, 2 Jones, 326 ; *Evans* v. *Blalock, Id.*, 377.

Our opinion on this point makes it unnecessary to consider the other points made in this case, viz : whether the bond of a sheriff, given on 12th of October, relates back to the first Monday in September, or to any other time. That question is new and important, but perhaps the General Assembly may so provide that we shall never be required to pass on it.

PER CURIAM.                    Judgment below affirmed.