GEORGE W. HOLT v. THOS. G. McLEAN and others.

A Register of Deeds is not liable on his official bond for issuing a license for the marriage of an infant female under eighteen years of age, without the written consent of her parent or guardian.

Although an officer is not liable upon his bond for the performance of duties not therein enjoined, yet he is liable personally for the non-peformance of every duty prescribed by statute, to the parties injured, and to the extent of the damage received, and he is also liable criminally to the public.

(*Crumpler* v. *The Governor*, 1 Dev., 52; *State* v. *Long*, 8 Ired., 415; *Eaton* v. *Kelly*, 72 N. C. Rep., 110; and *State* v. *Brown*, 11 Ired., 141, cited and approved.)

CIVIL ACTION, tried before his Honor, Judge KERR, at Spring Term, 1876, of ALAMANCE Superior Court.

The defendant, McLean, is the Register of Deeds in Alamance County, and the other defendants are the sureties on his official bond. The parties are sued by the plantiff for an alleged breach of said bond, in that McLean, as Register, issued a license for the marriage of the plaintiff's daughter, Alice Jane, with one Wm. A. Roney, without the written consent of the plaintiff, the said Alice being under eighteen years of age.

The question discussed in the Court below, as to the sufficiency of the inquiry made by the Register to ascertain the age of the daughter, need not be considered; and the facts relating to the points decided in this Court will be found stated in the opinion of the Court, delivered by Justice BYNUM.

His Honor, on the trial below, ruled that although the alleged facts were proved, still there was no breach of the official bond of the defendant. From this judgment the plaintiff appealed.

The defendant had appealed from a previous ruling of his Honor, in regard to the sufficiency of the inquiry insti-

tuted by the Register to find out the age of the infant female, which being unnecessary—the appeal of the plaintiff disposing of the whole case—need not be further noticed.

*Boyd,* for appellant.
*Parker,* contra.

BYNUM, J. This is an action on the official bond of the Register of Deeds for the County of Alamance. The plaintiff alleges that in 1874 the said Register of Deeds, contrary to the statute, chap. 69, sec. 7, Bat. Rev., issued to one Roney a license to marry Alice, the daughter of the plaintiff, whereby the said Register of Deeds and his sureties incurred a penalty of two hundred dollars; for the recovery of which this action is brought.

The conditions of the official bond sued on are: "That whereas the said Thos. G. McLean has been duly elected Register of Deeds for Alamance County, by the qualified voters of said County, on the first day of August, 1872, now if the said Thos. G. McLean shall safely keep the records and books of his said office, and shall in all respects truly and faithfully discharge the duties of the said office, then the above obligation to be void; otherwise to remain in full force and effect."

The particular duty here enjoined is that the Register of Deeds " shall safely keep the records and books of his said office." The general duty enjoined upon him is that he " shall in all respects truly and faithfully discharge the duties of the said office." The authorities are full to establish that this general engagement, afterwards inserted in the condition, shall receive such a construction as will restrain it to the particular duty for which the bond was given, to-wit: to the " safe keeping of the records and books of his said office ;" and that the concluding words mean that the Register shall truly and faithfully discharge the duties

of the office, as far as relates to the particular duties set forth in the preceding part of the bond. *Crumpler* v. *Governor*, 1 Dev., 52; *State* v. *Long*, 8 Ired., 415; *Eaton* v. *Kelly*, 72 N. C. Rep., 110, where all the cases are cited and commented on.

It is thus seen that there is no provision in this bond which covers the particular delinquency here complained of, as a breach of the bond.

The liability of the sureties is measured by the conditions of the bond, and not by the duties imposed upon the Register of Deeds by law. As to duties clearly enjoined upon the principal, but not covered by the conditions of the bond, the sureties may all say, " we have entered into no such covenant." If the performance of all the duties of the office are not provided for in the conditions of the bond, those are to blame whose duty it is to take the bond, but any resulting loss to the public or individuals from the omission, cannot be fixed upon the sureties. Parties injured are, however, not without remedy, though it may sometimes be inadequate. Although the officer is not liable upon his bond for the performance of duties not therein enjoined, yet he is liable personally for the non-performance of every duty prescribed by statute to the parties injured, and to the extent of the damage received, and he is also liable criminally to the public. Bat. Rev., ch. 100, sec. 17.

The official bonds of public officers could and should be so drawn as to secure the due discharge of all the duties of the office, and make the sureties liable for every default. Through the ignorance or carelessness of the draughtsman, they are not always so drawn.

We can but repeat the language of Judge NASH, in delivering the opinion of the Court in a similar case to this, *State* v. *Brown*, 11 Ired., 141: " We entirely concur with his Honor who tried the case below. And while we confirm his judgment, must be permitted to express our own regret that

the obligations into which our ministerial officers enter upon taking office, are so insufficient to the security of the public." The evil seems to call for legislative interference.

This view of the case upon the plaintiff's appeal, renders it unnecessary to notice the defendant's appeal farther than to say that there was no manner of necessity for taking it; for, upon this Court affirming the judgment upon the plaintiff's appeal, the defendants are discharged, while if this Court had reversed the judgment, the defendants would have gained all they could ask, to-wit: a *venire de novo.*

There is no error. Judgment is affirmed upon the plaintiff's appeal.

PER CURIAM.                                    Judgment affirmed.