CHRISTIAN MORETZ v. G. W. RAY and others.

An action cannot be maintained on the official bond of the Register of Deeds, for issuing a license to marry a girl under eighteen years of age, without the written consent of her father or mother. The remedy of the plaintiff is either by indictment, or an action for damages against the Register of Deeds individually.

(*Holt* v. *McLean, et al.* decided at this term, cited and approved.)

This was a CIVIL ACTION, to recover a penalty upon the official bond of the Register of Deeds, tried before his Honor, Judge FURCHES, at the Fall Term, 1875, of ASHE Superior Court.

The plaintiff alleged in his complaint, that the defendant Ray is the Register of Deeds in and for the County of Ashe, and that the other defendants are the sureties on his official bond, in the penal sum of five thousand dollars.

That the defendant, E. C. Bartlett, is acting deputy Register for said Ray in his said office.

That said defendant Ray, by his said deputy Bartlett, on

the 11th day of March, 1873, did issue a license, by virtue of his said office, to any minister of the gospel or to any Justice of the Peace of said county, to solemnize the rites of matrimony between one George Clawson and Alice Moretz, both of Watauga County; that the said Alice is the daughter of the plaintiff, and was at the time of issuing said license under the age of eighteen, and living with the plaintiff; and that said license was issued without the written consent of the plaintiff or his wife, and against the form of the statute in such case made and provided, and to the great damage of the plaintiff.

That by reason of the unlawful issuing of said license the defendants are liable on the official bond of the defendant Ray, Register as aforesaid, in the sum of two hundred dollars.

Wherefore the plaintiff demands judgment for five thousand dollars, to be discharged upon the payment of two hundred dollars, &c.

The defendants demurred because:

That there was a misjoinder of parties;

That the complaint does not show that the sureties, E. C. Bartlett, L. C. Gentry and John Dickson, ever gave any bond or other obligation as sureties;

That the demand does not exceed two hundred dollars, and is, therefore, under the jurisdiction of a Justice of the Peace;

That the complaint alleges that the license was issued to George Clawson to marry his own daughter without alleging that the defendant knew the fact.

That the complaint does not allege that the defendants knew of the said Alice's being under the age of eighteen.

His Honor sustained the demurrer and gave judgment against the plaintiff for costs.

From this judgment the plaintiff appealed.

*Smith & Strong*, for the appellant.
*Folk & Armfield*, contra.

BYNUM, J.   This case comes up to this Court upon a demurrer to the complaint.   Neither the bond of the Register of Deeds is set out in the complaint or the conditions thereof, so that the Court can see that any breach has been committed or even that the bond required by law has been executed by the defendants.

Waiving all this, however, and assuming that the usual Register's bond has been filed by the defendants, we have decided at this term of the Court, in the case of *Holt* v. *McLean, et al.*, the facts of which are almost identical with this, that an action on the bond cannot be maintained. The remedy of the plaintiff is either by indictment or an action for damages against the Register of Deeds individually.

There is no error.

PER CURIAM.                           Judgment affirmed.