J. A. PARKER v. THE BOARD OF COMMISSIONERS and TREAS-
URER OF WAYNE COUNTY.

*Revenue, State and County—Constitution, School Fund—Liquor
Dealers—County Government—Taxation.*

1. The requirement in the Constitution, Art. V, § 7, that every act levy-
ing taxes shall state the objects to which they shall be appropri-
ated, has no application to taxes levied by the county authorities
for county purposes.

2. While the General Assembly may regulate the amount and methods
for raising county revenues, the present system of county govern-
ment contemplates that that function shall be performed by the
county authorities, subject to the limitations prescribed by the
Constitution.

3. The Revenue Act of 1887 (ch. 135) was enacted for the purpose of pro-
viding revenue for State purposes only.

4. The license taxes imposed upon liquor dealers of the first and second
classes, in the 31st section of the Revenue Act of 1877, and directed
to be paid to the Treasurer of the County Board of Education. for
the benefit of the public schools in the county in which they were
collected, were not *county*, but were *State* taxes; and the county
authorities had authority to impose additional taxes thereon for
county purposes subject to the restrictions in said act and the
Constitution contained.

5. A levy by the county authorities in these words—" The rate of county
tax is fixed at 25 cents on each $100 real and personal property;
Schedule B and C taxes same as State's and poll tax at con-
stitutional acquirement "—*Held*, to be sufficiently specific.

This was a CIVIL ACTION, tried before *Graves, J.*, at January Term, 1889, of WAYNE Superior Court.

This action began in the Court of a Justice of the Peace to recover the sum of $65, paid by and collected from the plaintiff as taxes in July of 1888, which, he alleges, were invalid, and as allowed by the statute. (Acts 1887, ch. 137, § 84).

The following is so much of the case stated for this Court on appeal as it is necessary to report:—

1. The county levy for the said year for said county was in the following words, to-wit: "The rate of county tax was fixed at 25 cents on each $100 real and personal property; Schedule B & C taxes same as State's, and poll tax at constitutional requirement."

2. The plaintiff, on the 1st of July in said year 1888, was a liquor dealer in said county, duly licensed to sell spirituous liquors in the quantities aforesaid.

3 On or about the 10th day of said month of July, the Sheriff of Wayne County collected forty dollars from plaintiff, as such dealer selling spirituous liquors in quantities of one quart and less for the said period, and twenty-five dollars for selling such liquors in quantites of one quart and less than five gallons for the same period.

His Honor ruled, first, that under the law in question (section thirty-one, of chapter 135 of the Laws of 1887), the several counties were not restricted to the third class of license taxes (namely, for selling in quantities of five gallons or more), embraced in that section of the act, but had like authority to levy the license taxes named in the first and second classes, being those specified in the case agreed; secondly, that under the 6th and 7th sections of Article 5 of the Constitution of this State, the object of the said levy was stated with sufficient particularity by the Board of Commissioners of Wayne County, and was constitutional and valid. To all which the plaintiff excepted.

Judgment for defendants, from which the plaintiff appealed.

*Messrs. Nixon & Galloway* filed a brief for the plaintiff.
*Mr. C. B. Aycock,* for the defendants.

MERRIMON, J.—after stating the case: The statute (Acts 1887, ch. 135), entitled "An act to raise revenue," prescribed and designated particularly tax to be levied and collected annually, while it continued in force, for purposes of the State—not for county purposes as such; it did not in effect, nor did it purport to raise county revenue. While, no doubt, the Legislature may, in its discretion, provide for raising county revenue in appropriate ways, the general statutory provisions in respect to counties (*The Code,* chapters 17 and 18) contemplate and intend that the County Commissioners, with the concurrence of a majority of the Justices of the Peace, shall have power "to levy, in like manner with the State taxes, the necessary taxes for county purposes, but the taxes so levied shall never exceed the double of the State tax," &c. *The Code,* § 707.

And the Constitution itself so contemplates (Art. V, §§ 1, 2, 6; Art. VII, §§ 7, 13); so that it is not to be taken that the statute first above cited provides for raising county revenue—certainly not, unless it shall appear that there is some clear provision to the contrary.

The thirty-first section of the statute last above referred to prescribes, as to persons selling spirituous liquors, that every person, company, or firm "shall pay a license tax semi-annually, in advance, on the first day of January and July, as follows: First, for selling in quantities of one quart, or less, forty dollars for each six months, to be collected by the Sheriff and paid to the Treasurer of the County Board of Education for the benefit of the fund for public schools in such county; second, for selling in quantities of one quart and less than five gallons, twenty-five dollars for each six

months, to be collected by the Sheriff and paid to the Treasurer of the County Board of Education for the benefit of the fund for public schools in such county; third, for selling in quantities of five gallons, or more, one hundred dollars for each six months, to be collected by the Sheriff and paid to the Treasurer of the State," &c.

The plaintiff contends, if we understand him correctly, that the two first taxes thus prescribed are *county* taxes—not State taxes—and, therefore, the defendants had no authority to levy a like additional tax for county purposes, other than that of education, as prescribed, as they undertook to do, and required him to pay the same.

This contention is unfounded. The tax thus levied and collected for school purposes is not, in any proper sense, a county tax; it is levied by the State, collected by the State authorities as a part of the school fund of the State, and is paid to the Treasurer of the County Board of Education for convenience sake and to facilitate its distribution. The county authorities, as such, do not control and use or distribute it as county revenue.

The third and largest tax so prescribed was required, when collected, to be paid to the Treasurer of the State for the ordinary purposes of the State Treasury. That this interpretation is correct, appears not only from the statute under consideration, but from the general school law of the State as well. Moreover, that the purpose of the Legislature was that we have indicated, appears strongly from a clause of the thirty-first section of the statute, part of which is recited above, in these words: "*Provided,* that counties may levy not more than as much tax as the State under the provisions of this section." The purpose of this *proviso* was to prevent the counties from taxing dealers in spirituous liquors, as prescribed, more than the State, to the extent of double the State tax, if they should see fit to do, as allowed by the Constitution, Art. V, § 6. Besides, under the statute, the Treas-

urer of the State—not county authorities—prescribed the
license and stamp to be used by persons selling spirits by
wholesale or retail.

Clearly, the Court below held properly that the proper
county authorities might impose a license tax upon all per-
sons coming within the first and second classes of persons
selling spirituous liquors under the statute in question, as
well as upon those coming within the third class.

We are also of opinion that the order of the defendant
commissioners, imposing the tax complained of, sufficiently
indicated and specified the subjects of taxation embraced
by it to be taxed. It is informal and summary, and it would,
perhaps, be better if it were less so; but, in view of its nature
and purpose, it obviously referred to "Schedules B and C,"
designating particular subjects of taxation and the taxes
to be paid on account of the same, of the revenue law then
in force—that of 1887 first above cited. Thus the subjects
to be taxed, and the taxes to be levied and collected, were
made certain—as certain as the levy of the State taxes.

It was not necessary that the order should specify the
particular purposes for which the taxes were levied; the law
does not so require, in terms or effect. The constitutional
provision (Const., Art. V, § 7) applies to taxes levied by the
General Assembly—not to such as are levied by the county
authorities for county purposes. It might be well if they
would classify the purposes of the tax levy, as far as practi-
cable, but they are not bound to do so.

Affirmed.