STATE ON RELATION OF E. A. KIVETT and wife v. R. E. YOUNG.

*Official Bonds—Registration—Mistakes in Registration—Damages—Code—Former Decision.*

1. A Register of Deeds and surety renewed his official bond in December, 1885, conditioned to be void if he should safely keep the records and books belonging to his office, and at all times truly and faithfully *discharge the duties of his said office* during his continuance therein. In September, 1886, the relator delivered to him a deed of mortgage for registration to secure one thousand dollars, which was registered "one hundred dollars": *Held*, in an action for damages for breach of the official bond on account of such misregistration, the plaintiff could recover.

2. The words " and faithfully discharge the duties of his office," do not refer alone to the safe-keeping of the "records and books," but to all other official acts, the non-performance of which results in injury.

3. *The Code*, § 1883, enlarges the scope and purpose of official bonds, and is in accord with sound public policy.

4. The former decisions of this Court on this subject are now construed in the light of this section (1883) of *The Code*.

It appears that the defendant Cheatham was Register of Deeds of the county of Vance, and, as such, renewed his official bonds on the 7th day of December, 1885, in the sum of $5,000, with his co-defendant Young as surety thereto, as required by law. The following is a copy of the condition of that bond:

" The condition of the above obligation is such that whereas Henry P. Cheatham, the above bounden, has been duly elected Register of Deeds for Vance County for the term of one year from the ____ day of December, 1885: Now, therefore, if the said Henry P. Cheatham shall safely keep the records and books belonging to his office, and at all times truly and faithfully discharge the duties of his said

office during his continuance therein, then this obligation is to be void, otherwise to remain in full force and effect."

On the 17th of September, 1886, the relator delivered to the said Register of Deeds for registration, a deed of mortgage of real estate to secure the payment of a single bond for $1,000, due October 1, 1887. The Register of Deeds negligently registered this deed of mortgage, and omitted from the registration thereof the words "one thousand dollars," and placed on the registry in place thereof, the words "one hundred dollars," so that it appeared from the registry that the mortgage debt was "one hundred dollars" instead of "one thousand dollars," the true amount.

This action is brought upon the official bond of the said Register of Deeds for damages, and it is assigned as a breach of the condition of this bond that the said Register thus failed to truly register the deed of mortgage, &c.

The defendant demurred to the complaint, assigning as ground of demurrer that it failed to state facts sufficient to constitute a cause of action. The Court overruled the demurrer, and the defendants, having excepted, appealed.

*Mr. T. M. Pittman*, for plaintiff.

*Messrs. M. V. Lanier* (by brief) and *E. C. Smith*, for defendants.

MERRIMON, C. J.—after stating the facts: The statute (*The Code*, § 3648) prescribes that the Register of Deeds in each county shall give bond "conditioned for the safe-keeping of the *books and records*, and the faithful discharge of the duties of his office." This condition of the bond required is the same in substance and effect—almost the same in words—that has been prescribed for more than a century. (Rev. Stat., ch. 98, § 4; Rev. Code, ch. 96, § 3; Bat. Rev., ch. 100, § 2.) The learned counsel for the appellant contends in his cogent brief that the condition of the bond of

the defendants sued upon, is such as that so prescribed, and that this Court has repeatedly decided that the duty of the Register embraced by it is confined to "the safe-keeping of the *books and records*" of his office, and that the general words, "and for the faithful discharge of the duties of his office," have reference to, and only to, such duty, and not to other general duties. This Court did, in the past, so interpret the statute and like conditions in other classes of official bonds. *Moretz* v. *Ray*, 75 N. C., 170; *Holt* v. *McLean*, *ibid.*, 347; *Eaton* v. *Kelly*, 72 N. C., 110, and cases there cited.

But afterwards, the scope and purpose of the condition of the official bonds, Registers and other classes of public officers, was enlarged by legislative enactment. The statute (*The Code*, § 1883), among other things, prescribes that such official bonds "may be put in suit and prosecuted from time to time until the whole penalty shall be recovered, and every such official and the sureties to his official bond shall be liable to the person injured for all acts done by said officer by virtue or under color of his office." This clause is very comprehensive in its terms, scope and purpose. It, on purpose, enlarges the compass of the conditions of official bonds and their purpose, and the Legislature intended by it, it seems, to prevent an evil pointed out in two or three of the cases cited *supra*. There were no adequate reasons why the conditions of official bonds should not extend to and embrace all the official duties of the office, and there were serious ones of justice and policy why they should. All persons interested are bound to accept the official services of such officers, as occasion may require, and they should be made secure in their rights, and have adequate remedy for wrongs done by them. Besides, such officers, indeed all public officers, should be held to a faithful discharge of their duties as such. It is singular that the clause last recited, notwithstanding a known evil to be remedied, was not enacted until 1883. It first appears as part of *The Code*.

So that now official bonds and the conditions of them embrace and extend to all acts done by virtue or under color of office of the officer giving the bond.

The failure of the defendant Register, in purporting to register the mortgage deed mentioned, to put in the registry the important and material words, "one thousand dollars," in the proper connection, or at all, and putting where they ought to be the other words, "one hundred dollars," not in the deed, was certainly a failure to discharge and a neglect of his official duty. The deed was not registered in an important and material respect, and the words "one hundred dollars" were misleading to the serious prejudice of the relator. It was the duty of the Register to register the deed precisely as it went to him. The statute (*The Code*, § 3654) prescribes that "the Register of Deeds shall register all instruments in writing delivered to him for registration within twenty days after such delivery, except mortgages and deeds of trust, and other instruments made to secure the payment of money, which he shall register forthwith after delivery to him," &c. This does not mean a partial or imperfect registration—it means a registration complete and perfect, so that it may serve all the purposes of the law in protecting the rights of parties directly interested, and give notice truly to the public.

The defendant Register, by virtue of his office, undertook and purported to register the deed correctly. He failed to do so, and, in fact, registered it incorrectly—improperly—imperfectly. This he did in the exercise of and by virtue of his office, and the statute of 1883 gave the relator remedy on his official bond, as pointed out above. It cannot be said with force that the condition of the bond of the defendants is, substantially, in form as it was required to be before the enactment of the statute just mentioned, and as, indeed, the statute (*The Code*, § 3648) now, in terms, requires it to be, and, therefore, it must be interpreted as contended by the

appellant's counsel, because it was competent for the Legislature to enlarge the scope of the condition of such bonds, and to assign more comprehensive meaning to the words, " and for the faithful discharge of the duties of his office," as seems to have been the purpose of the statute. In any view of the matter, the scope of the bond is enlarged, and if the condition is not expressed in the aptest words, the other statute (*The Code*, § 1981) cures any possible defect in such respect.

There is no error, and the judgment must be affirmed. To the end that further proceedings may be had in the action according to law, let this opinion be certified to the Superior Court