STATE ex rel. W. E. DANIEL, et al v. J. M. GRIZZARD.

*Public Officer—Failure in Duty—Register of Deeds— Failure to Index Mortgage—Liability of Sureties on Official Bond—Statute of Limitations.*

1. The conditions of official bonds are co-extensive with the duties required by law of such officers, and a statute making an officer liable, on his official bond for all acts "done" by him by virtue of, or under color of his office, renders him likewise liable for his failure to do what he should have done; therefore,

2. The failure of a Register of Deeds to properly index the registry of a mortgage renders him liable, on his official bond, to one injured by such neglect.

3. Though a Register of Deeds was not, at the time his bond was given, liable for his failure to index the registry of a mortgage, yet, where he remained in office after the passage of a statute rendering him liable therefor, the sureties on his bond are also liable.

4. The breach of the official bond of a Register of Deeds by his failure to properly index the registry of a mortgage occurs at the time of such neglect, certainly not later than the expiration of his term of office, during which he could have performed the duty.

5. The cause of action which a second mortgage has against a Register of Deeds for his failure to index the registry of a first mortgage, whereby the former suffers loss, arises and the statute of limitation begins to run at the time of such breach and not at the time of the sale of the mortgaged property under the first mortgages and the application of the proceeds to its payment.

CIVIL ACTION brought by the State on the relation of W. E. Daniel, Trustee, and others, against J. M. Grizzard, former Register of Deeds of Halifax, and the sureties on his official bond, and tried on a case agreed before *McIver*, *J.*, at June Term, 1895, of HALIFAX Superior Court. His Honor held that the action was barred by the statute of limitations and the plaintiff appealed. The facts are fully stated in the opinion of Associate Justice FURCHES.

*Messrs MacRae & Day*, for plaintiffs (appellants).
*Messrs. R. O. Burton* and *T. N. Hill*, for defendants.

FURCHES, J. : The defendant was appointed Register of Deeds for Halifax county, and on the 13th day of December, 1882, entered into the usual bond required by law, with the other defendants as his sureties thereto—which office he continued to hold and exercise until the 6th day of November, 1883.

On the 15th day of January, 1883, J. R. Whitaker and wife executed a mortgage to Spier Whitaker for $1,500, which was that day registered by defendant Grizzard; but he failed to index the same as required by law and the debt secured by this mortgage was kept alive and in date by successive payments until 1894.

DANIEL v. GRIZZARD.

On the 28th day of January, 1890, the said J. R. Whitaker and wife executed another mortgage to the plaintiff on the same land for something over $2,000, which was registered and duly indexed on that day.

On the date of the execution of this last mortgage the plaintiff examined the index in the register's office for the purpose of seeing whether there was any mortgage or other encumbrance on said land, and said mortgage not being indexed plaintiff was thereby deceived and took said mortgage when he would not have done so if the mortgage to Spier Whitaker had been properly indexed.

In 1894 plaintiff was proceeding to foreclose the mortgage to him when he discovered for the first time that there was any such mortgage on said land as that to Spier Whitaker.

It has been judicially determined that the mortgage to Spier Whitaker was valid, (114 N. C., 279) and therefore had priority over the mortgage of plaintiff.

Under a decree of the Superior Court of Halifax county said lands have been sold and the whole of the proceeds of said sale have been applied to costs and the payment of the Spier Whitaker mortgage. The mortgagor is insolvent and plaintiff has lost his entire debt.

Plaintiff therefore brings this action against the defendant Grizzard and his bondsmen and claims that by defendant's failing to index the Spier Whitaker mortgage he has lost his entire debt and asks judgment against defendants for that amount.

Defendants deny the plaintiff's right to recover on this bond for reasons which they assign, and also plead the statute of limitation in bar of plaintiff's right of action

The facts of this case are agreed upon but we have made this summary for the purpose of abridging them, as much as we can, to retain the substantial facts. And it is fur-

ther agreed that the facts present but two questions for our consideration : 1st. Whether the defendant, Grizzard and the sureties on his bond are liable to plaintiff. 2nd. Whether the action is barred by the statute of limitations as to said Grizzard and his said sureties or either.

This case presents some very interesting questions of law, which have been well argued on both sides and which have very much assisted us in our investigation.

There is no bond sent in this record but the case states that on the 13th of December, 1882, the defendant Grizzard gave a bond in the penal sum of $5,000, with the other defendants as sureties and was duly inducted into office, which he continued to hold and exercise until the 6th of November, 1883. So it will be seen that he gave the bond and entered upon the duties of his office before *The Code* went into effect on the 1st day of November, 1883. Section 3866 of *Code*, but that he continued to hold his office for six days after *The Code* did go into effect.

At the time defendants executed the bond they would not have been liable for failing to index the mortgage to Whitaker unless this was one of the conditions of the bond, *Holt* v. *McLean*, 75 N. C., 347 ; *Moretz* v. *Ray*, 75 N. C., 170 ; *Eaton* v. *Kelly*, 72 N. C., 110, and that line of cases. But by the adoption of *The Code* the liabilities of public officers and their bondsmen were very much broadened. *Code*, Section 1883. And it is now held that the conditions of the bond are co-extensive with the duties required by law of such officers. *Kivett* v *Young*, 106 N. C., 567 ; *Thomas* v *Connelly*, 104 N. C., 342. It is true that this amendment seems in terms to provide only for acts done by the officer and not for those which he should do but does not. The amendment is as follows : "And every such officer and the sureties on his official bond shall be liable to the person injured for all acts done by said officer, by

virtue or under color of his office." But it would be putting a very narrow construction on the statute to say that he and his sureties are liable for what he did, but not for what he should have done and did not do although the damage to the party was equally as great.

But we are relieved of any trouble as to this question as it has been construed by this Court in *Young* v. *Connelly*, 112 N. C., 646. In that case Connelly was clerk of the Superior Court and neglected to docket a judgment by which plaintiff lost his judgment lien and his debt. And the Court say that although it was a neglect of duty it was one of the duties required of him by express statute, and he and his sureties are liable. And so was it one of the duties required of the defendant Grizzard by express statute that he should have indexed the Whitaker deed. *Code*, Section 3664.

But we have said that this bond was given before *The Code* went into effect, and it is therefore contended that it is to be construed by the light of *Eaton* v. *Kelly*, *Holt* v. *McLean*, *supra*, and defendants are not liable.

But it must be remembered that defendant Grizzard continued to hold and exercise the duties of this office under this bond until the 6th of November, 1883, six days after *The Code* went into effect, and the defendants were liable for any breach that took place while Grizzard continued to hold the office. The breach in this case being the neglect to perform a duty it continued as long as he remained in office. He would have had the right to index the Whitaker mortgage any day while he remained in office, and, this being so, he failed to index this mortgage after *The Code* went into effect and when the penalties of the bond required him to do so.

This we think must be so, if the legislature had the right to increase the liabilities or obligations of the bond during

the tenure of office under it, and this question seems to be settled. A learned author says, "It has been held that all laws enacted during the continuing contract of an official bond are also part of the contract, and that the obligors entered into the engagement in view of the possible and probable modification of their liability by the legislative branch of the government." Murfree on Official Bonds, Section 193. And to the same effect is *People* v. *Vilas*, 36 N. Y., 458; also see *Prarie* v. *Worth*, 78 N. C., 169; *State* v. *Bradshaw*, 10 Ired., 229 & 232.

We therefore sustain the plaintiff upon the first question as to the liability of defendants.

Then is the lapse of time and the plea of the statute of limitations a bar to plaintiffs' action? This depends upon the time when the statute commenced to run. Defendants contend that it commenced when Grizzard failed to index the mortgage to Spier Whitaker as he was required by law to do; while plaintiff claims that it did not commence until the land was sold and the proceeds applied to the older mortgage.

The statute commenced to run from the time the cause of action accrued—the breach of the bond; and this must have taken place while the defendant Grizzard was in office. He could not commit a breach after that time. This could not make the breach later than the 6th of November, 1883, and that would be more than ten years before this action was commenced. And the statutory limit for bringing actions on official bonds seems to be six years. *Code*, Sec. 154.

Then there is to be a limit to such actions or there would have been no statute passed. The breach of the bond— the failing to index the mortgage, was the cause of action. It was not damage—damage is never the cause of action, but the result of the action—the consequences arising from

the cause. It seems to us that these propositions are sustained by sound reason and show that the statute must commence to run from the time of the breach complained of. But we are not without the authority of decided cases from some of the highest courts of the Union to support the proposition that the statute runs from the time of the breach.

"The statute of limitations commences to run from the date of the breach of the bond that gives the right ·of action, and not from the time when the injury resulting from it occurred, or was discovered." *Kerns* v. *Schoomaker*, (4 Ohio, 331) 22 Am. Dec., 757; *Wilcox* v. *Executors*, 4 Peters, 172; *Lotten* v. *Gillett*, 95 Cal., 317; *Betts* v. *Norris*, 21 Me., 314.

We have examined the cases cited by plaintiff and think they are distinguishable from the one under consideration. *Godley* v. *Taylor*, 3 Dev., 178, is a divided opinion—RUFFIN, C. J., dissenting—and is in direct conflict with *Raynor* v. *Watford*, 2 Dev., 338. *Godley* v. *Taylor* was an action upon the warranty in a deed for land and there was no breach of the warranty until there was an ouster of possession. It was the breach that gave the right of action—there was none before. So, in this case, it was the breach—the neglect to register the mortgage—that gave the right of action. And, it seems to us, this case tends to sustain the position of defendants. It certainly does not conflict with the contention that the breach was defendant Grizzard's failing to index the mortgage. The case of *McKinder* v. *Littlejohn*, I Ired., 66, and *Armistead* v. *Bozman*, I Ired. Eq., 117, are cases where there was no one *in esse* to sue and are distinguishable from this case.

We are therefore of the opinion that plaintiff's cause of

action is barred by the lapse of time and the plea of the statute of limitations.

No Error.

CLARK, J., did not sit.