STATE on relation of BLUFORD TILLERY, Treasurer of Madison County v. C. B. CANDLER, Sheriff, et al.

*Practice—Amendment—Discretion of Judge—Tax Collector—School Taxes—Accounting—Pleading—Appeal.*

1. Where the character of the claim or demand constituting the cause of action is not substantially changed thereby, an amendment adding the name of a party rests in the discretion of the trial judge, and is not reviewable on appeal. (*The Code*, Sec. 273.)

2. The county board of education having been abolished by Section 2, Chapter 439, Acts of 1895, and their duties transferred to the board of county commissioners, rendered necessary and proper a change in the relator in an action brought by the treasurer of a county against a sheriff who had defaulted in settling for the school taxes of the county.

3. All the school taxes are included in the accounting to be made between the county treasurer and the sheriff, and for the failure to pay over such taxes—whether exclusively school taxes, or of that part collected for county purposes—the sheriff is liable for the statutory penalty of $2,500.

CIVIL ACTION, pending in MADISON Superior Court, and heard on complaint and demurrer before *Robinson, J., at Chambers*, on 3d October, 1895. The action was against the defendant Candler and the sureties on his official bond as collector of the school and other taxes of Madison County and was brought in the name of the plaintiff as Treasurer of said county. One cause of demurrer was as follows:

" The complaint shows that the suit was brought for an alleged deficiency in paying over the school fund by the said C. B. Candler, Sheriff, and the suit should have been brought upon the relation of the County Board of Education for and in behalf of the State, instead of the State of North Carolina on relation of Bluford Tillery, Treasurer of Madison county."

The court sustained this ground of demurrer, and granted leave to plaintiff to amend by adding, as one of the relators in the action, the Board of Commissioners of Madison county, for the reason that the office of county board of education was abolished by Sec. 2, of Chap. 439, of the Public Laws of 1895, and the powers and duties of said County Board of Education were devolved upon the Board of County Commissioners of the several counties of the State. The court further granted leave to the defendant to answer the complaint within sixty days.

The defendant excepted to the order of court allowing the amendment and appealed. ·

*Mr. J. M. Gudger, Jr.*, for plaintiff.
*Mr. V. S. Lusk*, for defendant (appellant).

CLARK, J.: The amendment " adding the name of a party " was within the discretion of the court, and not appealable. *Code*, Sec. 273 ; *Burrell* v. *Hughes*, 116 N. C., 430 ; *Warrenton* v. *Arrington*, 101 N. C., 109 ; *Maggett* v. *Roberts*, 108 N. C., 174. The change in the relators was made requisite and proper by Section 2, Ch. 439, Acts 1895, which abolished the County Board of Education and devolved its powers and duties upon the County Commissioners. The *Board of Education* v. *Wall*, 117 N. C., 382, was decided under the Act of 1889, (as stated in the opinion in that case,) Section 2 of the Act of 1895, *supra*, not taking effect, by its terms, till the first Monday in June, 1895.

The amendment renders it unnecessary to consider the second and third grounds of demurrer. As to the fourth ground of demurrer, while part of the school funds are strictly speaking, State taxes (*Parker* v. *Commissioners*, 104 N. C., 166) all the school taxes are included in the

accounting to be made between the .County Treasurer and the Sheriff, and for the failure to account for them or to pay any balance due on said accounting, whether of school funds or of that part of the taxes collected for county purposes, the defendant is liable to the $2,500 penalty. Acts 1895, Ch. 119, Sec. 111; Acts 1893, Ch. 297, Sec. 111; Acts 1881, Ch. 326, Sec. 113.

No Error.