State ex rel BOARD OF COMMISSIONERS v. J. D. SUTTON et als.

*Action on Sheriff's Bond— Official Bonds— Condition—Sureties.*

1. Although Section 2073 of *The Code* prescribes that one of the bonds required to be given by the Sheriff of a county must be conditioned for the settlement of the "county, poor, school and special taxes," yet where the bond given by a Sheriff was conditioned for the settlement of the "county taxes due to said county," the omission of the words "poor, school and special" did not contract or abridge the liability of the sureties for the Sheriff's default as to school taxes, since, under Section 1891 of *The Code*, the bond may be put in suit for the benefit of the person injured, notwithstanding any variance in the penalty or condition of the instrument from the provisions prescribed by law.

2. The "county" bond of a Sheriff is liable for any school taxes, whether belonging to the State or county school fund.

3. The Board of County Commissioners are the proper relators in an action against a defaulting Sheriff to compel the settlement of school taxes.

CIVIL ACTION, heard on complaint and demurrer, before *Coble, J.*, at November Term, 1896, of LENOIR Superior Court.

This action was brought to recover of the defendant, J. D. Sutton, Sheriff, and the other defendants, as sureties on his bonds, the sum of $3,098.76, a portion of the school fund, levied by the State under the general law for school purposes, to be expended for common school purposes in said county, and collected by the defendant, Sutton, as Sheriff of Lenoir county, during his term of office, commencing on the first Monday in December, 1892, and ending on the 21st day of January, 1895, at the time his successor was legally appointed.

It was admitted that the defendant, Sutton, executed during his said term of office three bonds, viz.: The bond upon which this action is brought, and for the collection

and payment of the public taxes, and what is known as the process bond.

The taxes in suit were levied by the State for school purposes. All taxes levied by the county for school purposes and for other purposes and all law taxes levied by the State other than the school tax in suit had been duly paid by the defendant Sheriff to the persons entitled in law to receive the same.

The bonds on which suit was brought were conditioned for the settlement of "the county taxes due to said county."

The defendant sureties demurred to the complaint, "because it does not set forth facts sufficient to constitute a cause of action against them in this:

"*First.* For that the said action is brought and instituted to recover an alleged balance due on the School Fund, and it is not alleged in the complaint that these defendants ever executed any bond or bonds to cover the said shool fund.

"*Second.* For that the conditions of said bonds set out in the complaint cover and protect only the 'county taxes due to said county,' and the default set out and alleged in the complaint, to-wit, the non-payment of an alleged balance due on the school fund is not covered and protected in the conditions of said bonds or either of said bonds."

The demurrer was overruled and defendants appealed.

Messrs. *A. J. Loftin* and *George Rountree*, for plaintiffs.
Messrs. *N. J. Rouse* and *R. O. Burton*, for defendants (appellants).

CLARK, J.: *The Code*, Section 2073, prescribed that the Sheriff shall execute three several bonds, payable to the State. (1) "One conditioned for the collection, payment and settlement of the county, poor, school and special

taxes.'' (2) ''For the collection, payment and settlement of the public taxes.'' (3) ''For the due execution and return of process, payment of fees and money collected and the faithful execution of his office as Sheriff.'' This latter is commonly known as the "process" bond.

The first of the foregoing bonds covers the taxes levied for school purposes, whether school taxes are State or county taxes, and its conditions should have included the collection, payment and settlement of "county, poor, school and special" taxes The draftsman in drawing the "county" bond, instead of enumerating these four funds, which should be embraced in its conditions, inserted only this condition: "If the said James D. Sutton shall well and truly pay over to those entitled by law to receive the same the county taxes due to said county." Many losses having accrued to the public by inadvertence and omissions as to the conditions of such bonds, the legislature of 1842 enacted the provision, which, with some amendment, is now embraced in *The Code*, Sec. 1891, which provides that the bond, "notwithstanding any * * * variance in the penalty or condition of the instrument from the provisions prescribed by law, shall be valid and may be put in suit in the name of the State for the benefit of the person injured * * * as if the penalty and condition of the instrument had conformed to the provisions of law." The defendants when they signed said "county" bond were fixed by law with notice that the Statute required that bond to cover "county, school, poor and special" taxes, and the omission of the words "school, poor and special" did not contract or abridge their responsibility, which is the same as if those words had been properly inserted. There is no doubt which of the three bonds required of a Sheriff the defendants signed. It was the bond for "county" taxes. It is also clear that such bond, if properly written,

covered "school, poor and special" taxes, and the Statute supplies those words which were omitted from the condition in the bond. This has been repeatedly decided. *Kivett* v. *Young*, 106 N. C., 567; *Joyner* v. *Roberts*, 112 N. C., 111; *Daniel* v. *Grizzard*, 117 N. C., 105; *Warren* v. *Boyd*, at this term; *Shuster* v. *Perkins*, 46 N. C., 325. Possibly in taking the bond, only the word "county" was inserted, under an impression that, *ex vi termini*, that covered school taxes, as had been held under a former Statute in *Lindsay* v. *Dozier*, 44 N. C., 275.

It is immaterial whether the school fund is, strictly speaking, State taxes, or county taxes, or partly both. They are included in the "county" bond and the Sheriff must account for them in settling his liability on that bond. *Tillery* v. *Candler*, 118 N. C., 888. The case of *Governor* v. *Crumpler*, 12 N. C., 63, relied on by defendants, simply holds that the sureties on the "process" bond are not liable for default as to county taxes, which is true now, as it was then. *Eaton* v. *Kelly*, 72 N. C., 110, and cases there cited, were before the act amending *The Code*, Sec. 1883, and are not in point.

*The Code*, Sec. 2563, made the county commissioners the proper relators in an action on the Sheriff's bond to compel a settlement of the school taxes. The Acts of 1889, Ch. 199, substituted the County Board of Education as relators (*Board of Education* v. *Wall*, 117 N. C., 382), but Acts of 1895, Ch. 439, abolished the County Board of Education and again made the county commissioners the proper relators. *Tillery* v. *Candler*, 118 N. C., 888.

No Error.