## STATE OF NORTH CAROLINA ex rel. WIMMER v. LEONARD et al.

No. 3556.

Circuit Court of Appeals, Fourth Circuit.

Jan. 4, 1934.

Raye O. Lawson, of Roanoke, Va., and James D. Parker, of Smithfield, N. C., for appellant.

Plummer Stewart, of Charlotte, N. C. (Stewart & Bobbitt and Wm. H. Bobbitt, all of Charlotte, N. C., and B. L. Fentress, of

Greensboro, N. C., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

Suit was brought against the surety upon the bond of the sheriff of Davidson county, N. C., in which recovery was sought for injuries inflicted upon the person of the plaintiff when the sheriff shot and wounded him. A demurrer to the complaint, on the ground that the bond did not cover the acts complained of, was sustained by the District Judge, and judgment being entered for the defendant, this appeal was taken.

The bond was executed and filed by the sheriff in accordance with section 3930 of the North Carolina Code of 1931 which provides that the sheriff shall execute three bonds, two relating to the collection and settlement of state and local taxes respectively, and the third "for the due execution and return of process, payment of fees and moneys collected, and the faithful execution of his office as sheriff." The condition of the bond, following the words of the statute, was:

"The condition of the above obligation is such that, whereas the above bounden... is elected and appointed sheriff of ... County; if, therefore, he shall well and truly execute and due return make of all process and precepts to him directed, and pay and satisfy all fees and sums of money by him received or levied by virtue of any process into the proper office into which the same, by the tenor thereof, ought to be paid, or to the person to whom the same shall be due, his executors, administrators, attorneys, or agents; and in all other things well and truly and faithfully execute the said office of sheriff during his continuance therein, then the above obligation to be void; otherwise to remain in full force and effect."

The appellant relies on the concluding words of the condition of the bond to show that it was given to insure the faithful execution of all the official duties of the sheriff, and therefore makes the contention that the allegations of the complaint are sufficient in law since they contained the statement that the sheriff, while acting in his official capacity, committed an unlawful and unprovoked assault. On the other hand, it is said that the official acts contemplated by the bond are only those which relate to the specific duties to execute process and pay and satisfy all fees received or levied by virtue thereof.

So far as this court is concerned, the controversy is concluded by the interpretation of the statute by the Supreme Court of North Carolina in Sutton v. Williams, 199 N. C. 546, 155 S. E. 160, 163. A similar sheriff's bond was under consideration, and it was held, in conformity with the earlier case of Eaton v. Kelly, 72 N. C. 110, that the general provisions of the bond as to the sheriff's performance of the duties of his office related to the specific obligations therein set out as to process, and that neither the sheriff nor the sureties on his bond were liable in a civil action for damages for negligent injury inflicted by a prisoner in the custody of the sheriff while such prisoner was unlawfully permitted by the sheriff to be at large as a trusty. After quoting with approval from Eaton v. Kelly, supra, a statement of the principle of interpretation that a broad and comprehensive general clause should be construed with reference to specific matters previously mentioned, the court said:

"The principle thus stated is upheld in Crumpler v. Governor, 12 N. C. 52; Governor v. Matlock, 12 N. C. 214; State v. Long, 30 N. C. 415; State v. Brown, 33 N. C. 141; Prince v. McNeill, 77 N. C. 398. If the principle is available to the defendants under C. S. § 324, the general clause in the bond will be limited by the preceding conditions to the execution and return of process and precepts and the payment of money received or levied by virtue of process. In that event the present action of course could not be maintained."

We are told that we should not follow the decision in Sutton v. Williams here, because it overlooks the provisions of section 354 of the North Carolina Code of 1931 which provides that every officer and the sureties on his official bond shall be liable to a person injured for all acts done by the officer by virtue or under color of his office. This statute seems to have been given the construction in Kivett v. Young, 106 N. C. 567, 10 S. E. 1019, for which the appellant contends. See, also, Daniel v. Grizzard, 117 N. C. 105, 23 S. E. 93; Warren v. Boyd, 120 N. C. 59, 26 S. E. 700; Commissioners v. Sutton, 120 N. C. 301, 26 S. E. 920. This section of the Code and the case of Kivett v. Young are not mentioned in the opinion in Sutton v. Williams, but we find that they were brought to the attention of the court in the briefs of counsel. We think, therefore, that the ruling of Sutton v. Williams is binding upon us as the latest interpretation by the highest state court of a state statute in its application to a set of circumstances quite similar to those at bar.

We need not consider the second point made by the appellees, that an action for injuries to the person caused by assault and battery, abates with the death of the assailant under section 162 of the North Carolina Code of 1931; for the legal basis of the present action is not the tortious act of the sheriff, but the breach of the condition of the bond, which his wrongdoing entailed.

Affirmed.