### BOARD v. COMMISSIONERS.

(Filed November 30, 1904).

SHERIFFS — *Schools* —*Taxation* —*Commissioners*—*The Code, secs. 567, 723, 2563*—*Acts 1903, chap. 251, sec. 92*—*Acts 1901, chap. 4.*

A sheriff is entitled to commissions for the collection of the school tax.

ACTION by the Board of Education of Iredell County against the Board of Commissioners of Iredell County and others, heard by *Judge G. S. Ferguson,* at May Term, 1904, of the Superior Court of IREDELL County. From a judgment for the defendants, the plaintiff appealed.

*Armfield & Turner* and *R. B. McLaughlin,* for the plaintiff.

*W. G. Lewis* and *J. B. Armfield,* for the defendant.

MONTGOMERY, J. This is a controversy without action submitted under section 567 of The Code. The facts agreed upon present for our determination the question whether or not a sheriff is allowed to retain a commission out of the school taxes collected by him. The defendant Summers was sheriff of Iredell County and paid to the treasurer of that county the whole amount of the school taxes levied for the county for the year 1903, less five per cent. commissions as compensation for himself for collecting the school taxes, and also less the amount of insolvents. The plaintiff, the Board of Education of Iredell County, contend that under a proper construction of the law the sheriff should have paid the whole amount levied for school purposes, less the insolvents, and that he had no right to deduct therefrom any commissions for collecting the taxes. The sheriff contends that the settlement he made with the treasurer was a proper one, and

that he had a right to deduct his commission from the school taxes collected by him.

The plaintiffs base their contention on section 2563 of The Code, in which it is provided that the sheriff of each county shall pay annually, in money, on or before the 31st day of December of each year, the whole amount levied, less such sum or sums as may be allowed on account of insolvents for the current year, by both State and county, for school purposes. The insistence is that the language of that statute is clear, that the words used are unambiguous, and that therefore there is nothing left to be done by way of interpretation by the courts. They further contend that results that may flow from the statute, the motives of the legislators and policies of the law, cannot be considered, and that common sense and good faith should be chiefly used here, as in every instance, as the great canon of interpretation.

In the briefs filed by counsel for both the appellant and appellee the fact that section 2563 of The Code is brought forward, word for word, in section 54, chapter 4, Acts 1901 (an act to revise and consolidate the public school law), except that the money is payable to the treasurer of the county school fund instead of to the treasurer of the County Board of Education, was overlooked.

There is no fault to be found with the principles of interpretation for which the plaintiffs contend, but it is nevertheless to be understood that the object of all interpretation of statutes is to carry out the intention of the law-makers, and when the intention is ascertained that it must always govern. And it is also a well-known principle of construction that for the proper interpretation of a statute other statutes in *pari materia* may and ought to be considered in connection with the statute under review.

Upon a reading of section 2563 it is seen that no commission is allowed the sheriff for collecting the school taxes of

the counties, in so many words. Yet in the same section pains and penalties are put upon the sheriff and his bondsmen subjected to civil actions if he should fail to collect and pay over the taxes. If that section is to be liberally construed, then we have the State requiring onerous and responsible duties to be performed by one of its citizens, no more interested in the cause of public education than others, without compensation and with the dread of penalties and forfeitures hanging over him and the fear of harassment to his bondsmen in a civil suit if he should fail to perform such service for the Commonwealth. Such construction of that statute would be a harsh one and would work great injustice to the tax collectors of the State.

Now if there are other statutes or laws of our State in *pari materia,* that is, statutes concerning the revenue, the officers who collect them and the compensation to which they are entitled for their services, fair dealing and common sense require that they be considered in connection with The Code, section 2563 (section 54, chap. 4, Acts 1901).

It is provided in section 723 of The Code that the county taxes shall be collected by the sheriff of the county, who shall be entitled to the same commissions and subject to the same rules and regulations in respect to his settlement of the said taxes with the county treasurer as he is in his settlement of the public taxes with the treasurer of the State. Now, what are these rules and regulations which the law makes applicable to the settlement of State taxes? In chapter 251, section 92, Acts 1903, among other deductions which the auditor is required to make in the settlement of the State taxes with the sheriff, is one of five per cent. commissions on the amount collected.

If the three statutes, section 723 of The Code, section 54, chapter 4, Acts 1901 (section 2563 of The Code), and sec-

137——5

tion 92, chapter 251, Acts 1903, construed together, it seems to be clear that the defendant in this controversy is right in his contention, that is, that he is entitled to five per cent. commissions on the amount he collected of the school taxes, unless it be as the plaintiffs contend that the words "county taxes" in section 723 mean only taxes to be disbursed for general county purposes, and exclude the school taxes which are collected by the sheriff and paid to the treasurer of the county. We are of the opinion that so far as this action is concerned the word "county taxes" include all amounts levied by taxation and which are to be used in the counties where they are collected, and where they are paid to the county treasurer.

We are not inadvertent to the fact that all taxes levied for school purposes are known as "State taxes" because they are assessed and levied by the counties by the direct mandate of the General Assembly and the rate of taxation fixed by that body. But the ordinary taxes levied for school purposes under sections 2 and 3 of chapter 247, Acts 1903, are collected by the sheriff of each county and paid to the treasurer thereof. Acts 1901, chap. 4, sec. 54. And the amount is apportioned by the county boards of education among the various townships of the county, and paid out by the county treasurer upon orders signed by at least two members of the school committee and by the county superintendent. The State Board of Education has no hand in the apportionment of that money. It is the work entirely of the county boards of education. There is a school fund, however, derived from the sources mentioned in section 4, chap. 4, Acts 1901, which the State Board of Education does apportion annually among the several counties of the State, as an additional amount to that apportioned by the county boards of education among the several townships.

But in addition to what we have said, if section 54, chap.

4. Acts 1901 (The Code, sec. 2563), be carefully read, it will appear that the intention of the law-makers was more to fix the time when the sheriff should pay over the school taxes than to prescribe a method of settlement. It is a matter of common information that those who conduct the public school system of our State, knowing that the spring and summer months of the year constitute the most favorable season for farm and outdoor work, and that most of our working people are engaged in such work, have recognized the fall and winter months as the most propitious time for the conducting of the public schools. Collection of the money for such purposes, therefore, must be made at an early date after the beginning of the public school term to meet the necessary expenses; and therefore it was enacted by section 2563 of The Code (Acts 1901, chap. 4, sec. 54) that the sheriffs of the several counties should collect and pay over the whole of the school taxes by the 31st of December of each year. At the time of the passage of the act (Acts 1881, chap. 200, sec. 35), which is brought forward in The Code as section 2563, the Revenue Law allowed, as does the law now in force, sheriffs until the first Monday in February of each year to make their final settlement of county taxes, and until the second Monday in January to settle their State tax accounts with the boards of commissioners, and to pay afterwards the amount to the State treasurer in such manner or at such place as he may direct.

It is to be observed that there is no provision made in the Machinery Act (Acts 1903, chap. 251) by which sheriffs are allowed a commission for collection of county taxes. Section 97 of that act bears upon that subject, and commissions on amount collected of county taxes are left out. They can only be allowed under section 723 of The Code. His Honor gave judgment upon the facts agreed in favor of the defendant and we affirm the judgment.

Affirmed.