COUNTY BOARD OF EDUCATION v. THE COUNTY OF WAKE AND THE
COMMISSIONERS OF WAKE COUNTY.

(Filed 28 October, 1914.)

1. **Counties — Taxation—Schools—Tax List—County Expenses—Interpretation of Statutes.**

In an action involving the question of whether the school funds of
Wake County should be charged with its proportionate expense of pre-
paring and computing the tax lists of the county, it is held that Revisal,
sec. 4111, providing, among other things, that the sheriff shall annually
pay to the treasurer of the county school fund the whole amount for
school purposes, less his lawful commissions, should be construed with
section 83, Machinery Act of 1913, providing the compensation for mak-
ing out the tax lists, and that it shall be paid by the county treasurer out
of the county funds; and with Revisal, sec. 4110, that the school tax
should be kept in separate columns; and with Revisal, sec. 4154, that,
except in certain instances, the money coming into the hands of the
treasurer of the school board shall not be paid out by him except upon
the order of the county board of education; the various statutes relating
to the same subject and being *in pari materia;* and when so construed,
the treasurer of the board of education and of the county of Wake are
held to be distinctive offices, though held by the same person, and the
taxes set apart for the school fund are not chargeable with the expense
of making out the tax lists.

2. **Counties—Taxation—School Funds—Mandamus—Alternate Writ.**

In this action of mandamus to compel the county and its commissioners
to pay over to the treasurer of the school fund money they had unlaw-
fully retained for preparing and computing the tax list of the county, the
judgment appealed from by the commissioners is affirmed, with the modi-
fication that an alternate writ issue before a peremptory writ be ap-
plied for.

APPEAL by defendant from *Bond, J.,* at July Term, 1914, of WAKE.

This is an action to compel the defendants to pay certain amounts
deducted from the school taxes to pay a part of the expense of making
out the tax lists.

The substance of the plaintiff's complaint is: That no part of the
cost of preparing the tax lists and computing the same is chargeable
to any of the several school funds of the county, general or special;
that the action of the board of county commissioners in charging against
the several school funds of the county their pro rata of the cost of pre-
paring and computing the tax lists for the years 1907, 1908, 1909, 1910,
1911, and 1912, inclusive, in the settlement of the county taxes, was
illegal; that the sums so withheld from the several school funds for
said years total $10,673.42; that judgment is demanded by plaintiff
against the defendants, ordering them to place to the credit of the sev-
eral school funds the said sum out of the "general county fund," and
the cost of this action.

The county commissioners admit the sum of $10,673.42 so applied and withheld from the settlement of the school taxes for the years 1907 to 1912, inclusive, to be correct, but deny that the same was illegally or wrongfully withheld.

The school board relies upon and bases its claim on section 4111 of the Revisal, which directs the sheriff, in his settlement of the school taxes, as follows: "The sheriff of each county shall pay annually in money to the treasurer of the county school fund, on or before the 31st day of December of each year, the whole amount for school purposes collected by both State and county, less his lawful commissions for collecting the same, and such sum as may be allowed on account of insolvents for the current year," etc.

The defendant relies on section 83 of the Machinery Act, which provides that, "The board of county commissioners shall cause the register of deeds to make out two copies of the tax list for each township as revised and settled by the tax listers, according to a form to be furnished to them by the State Tax Commission. But the sum allowed for computing and making out the tax list shall not exceed five (5) cents for each name appearing on the tax list, to be paid by the county treasurer out of the county funds."

No question is presented in this Court as to parties or as to procedure. The attorney for appellant in his brief admits that the question here presented on the first and second exceptions is simply whether or not the school funds are to be included in the denomination of "county taxes" as used in section 83 of the Machinery Act.

There was a judgment for the plaintiff, and the defendants excepted and appealed.

*Percy J. Olive and Little & Barwick for plaintiff.*
*B. C. Beckwith for defendants.*

ALLEN, J. The board of commissioners of the county of Wake is required by the act furnishing the machinery for the listing and collection of taxes to cause two copies of the tax lists for each township to be made out, and provision is made in the act that the compensation allowed by the commissioners for the service "shall not exceed 5 cents for each name appearing on the tax lists, to be paid by the county treasurer out of the county funds."

It is upon the use of the words "county funds" instead of "county fund," and because of the construction placed on the term "county taxes" in *Board of Education v. Comrs.,* 137 N. C., 63, that the defendant rests its contention that it has the right to charge against the school taxes a proportionate part of the expense of making out the tax lists.

The position, dependent upon the language used, would have more force if there was not more than one tax levied, collected, and used in the county of Wake, exclusive of school taxes, which are levied by the State, and it gives no significance to the words "paid by the county treasurer."

The county treasurer is also treasurer of the county school fund, which he is required to keep separate and distinct from all other funds, and he executes a separate bond to secure the faithful performance of his duties as treasurer of the school fund. Rev., sec. 4152.

The register of deeds must furnish to the county board of education an abstract of the tax lists as soon as they are made out, showing the school taxes in separate columns (Rev., sec. 4110). The sheriff is required to pay to the *treasurer of the school fund the whole amount for school purposes, less his lawful commissions for collecting* (Rev., sec. 4111), and the treasurer of the school fund cannot pay out any of the money coming into his hands as such except upon the order of the county board of education and in certain cases upon the order of two committeemen of a school district approved by the county superintendent. Rev., sec. 4154 *et seq.*

These statutes and the Machinery Act, all relating to the same subject-matter, must be construed together and harmonized if possible, so that some significance may be given to each and every part. (*Cecil v. High Point,* 165 N. C., 431), and when so considered it is clear that the treasurer is designated as "treasurer of the school fund" when his duties in reference to the school taxes are involved, and as "county treasurer" when reference is made to the other taxes going into his hands.

The school taxes never reach the county treasurer, as the sheriff must pay the *whole* of them directly to the treasurer of the school fund (Rev., sec. 4111), and no authority is conferred upon the commissioners to make any order which could be paid out of the school fund.

It follows, therefore, that an order "to be paid by the county treasurer out of the county funds" gives no authority to direct any part of the taxes collected for schools.

The tax for schools is a State tax, and it was not intended that they should contribute to the ordinary expenses of the county.

In *Parker v. Comrs.,* 104 N. C., 169, deciding the question as to whether license taxes imposed upon liquor dealers by Revenue Act of 1879, and directed to be paid to the treasurer of the county board of education for the benefit of the public schools in the county in which they were collected, were State or county taxes, the Court says: "That tax thus levied and collected for school purposes is not, in any proper sense, a county tax; it is levied by the State and State authorities as a

part of the school fund of the State, and is paid to the treasurer of the county board of education for convenience sake and to facilitate its distribution. The county authorities, as such, do not control and use or distribute it as county revenue"; and again, in *Board of Education v. Comrs.*, 113 N. C., 389: "But it would seem that all of the money collected for educational purposes should have been paid over by the sheriff to the county treasurer in his capacity as treasurer of the board of education, and held by him, subject to the orders of said board. . . . The defendant board (commissioners), as such, had no power over that fund, unless it was its duty to prosecute a suit to compel its payment to him as a part of the county school fund, and the treasurer was not bound to transfer it on the order of the county commissioners to the fund held by the county for general purposes."

The case of *Board of Education v. Comrs.*, 137 N. C., 63, relied on by the defendant, furnishes an argument in behalf of its contention; but different statutes were involved, and the decision rests upon a principle in harmony with our conclusion.

That case held that because of the onerous duties imposed upon the sheriff, and the penalties and forfeitures to which he was subjected by section 4111 of the Revisal, which did not provide at that time any remuneration to the sheriff for his collection of the school taxes and for his responsibility in regard thereto, it was to be presumed that the Legislature did not intend to impose these duties and burdens upon the sheriff without compensation, and the Court construed as *in pari materia* section 723 of The Code, which allowed to the sheriff the same commissions on county taxes as allowed to him on State taxes. The Court said: "We are of the opinion that, so far as this action is concerned, the words 'county taxes' include all amounts levied by taxation, and which are to be used in the counties where they are collected and where they are paid to the county treasurer"; and further: "We are not inadvertent to the fact that all taxes levied for school purposes are known as State taxes, because they are assessed and levied by the counties by the direct mandate of the General Assembly and the rate of taxation fixed by that body."

In other words, it was decided, as the sheriff was required to collect the school taxes, it was presumed that it was not the intention of the General Assembly that he should receive no compensation for the service; that the school tax was a State tax, and as no commissions were allowed the sheriff in the school law, that he was entitled to be paid under section 723 of The Code (1883), providing that he should receive the same commissions on county and State taxes.

We find no error except in the form of the judgment.

An alternative writ of mandamus should issue before the peremptory writ is applied for. 26 Cyc., 487.

Modified and affirmed.